ON MOTION
BRYSON, Circuit Judge.
ORDER
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Steven C. Kelly’s appeal for lack of jurisdiction. Mr. Kelly responds. The Secretary replies.[1] Mr. Kelly submits a surreply. Mr. Kelly moves for leave to file a replacement brief.
Mr. Kelly appealed to the United States Court of Appeals for Veterans Claims (the Veterans Court) from a July 14, 2000 decision of the Board of Veterans’ Appeals wherein the Board determined there was no clear and unmistakable error (CUE) in either (1) a January 1990 Board decision finding no CUE in two regional office (RO) *598 decisions (one failing to assign a rating in excess of 30% for schizophrenia, and a subsequent RO decision failing to assign a rating in excess of 50%), or (2) a December 1990 Board decision granting entitlement to an increased rating. The Veterans Court held that the Board’s decision was not arbitrary, capricious, or an abuse of discretion, “find[ing] that the Board is correct in its finding that the veteran essentially disagrees with the weighing of facts.” The Veterans Court affirmed the Board’s decision and Kelly appealed.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Veterans Court. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Mr. Kelly’s appeal does not satisfy any of the grounds for invoking this court’s jurisdiction. The Veterans Court’s order denying Mr. Kelly’s requested relief did not address or otherwise depend on any issue of validity or interpretation of any statute or regulation, nor did Mr. Kelly raise any genuine argument concerning the validity or interpretation of any such provision. Mr. Kelly also fails to raise any genuine constitutional issues. See Helfer v. West, 174 F.3d 1332, 1335 (Fed.Cir.1999) (“The characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.”).
The Board decision from which Mr. Kelly appealed to the Veterans Court dealt only with the issue of CUE and the Veterans Court therefore limited its review to such matters. Mr. Kelly’s arguments fail to address the relevant issue of CUE[2] and do not otherwise invoke this court’s jurisdiction. The Veterans Court’s factual determinations pertaining to CUE or application of the law of CUE to the facts are not within our jurisdiction. 38 U.S.C. § 7292(d)(2). Mr. Kelly’s appeal is therefore not within this court’s jurisdiction.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is granted.
(3) Kelly’s motion to file a replacement brief is granted.
(4) Each side shall bear its own costs.

. The Secretary’s motion for an extension of time to file a reply is granted.

. Mr. Kelly also appears to raise the issue of entitlement to an earlier effective date for a 100 percent evaluation for schizophrenia. The appealed Board decision states that this issue is “the topic of a separate decision under a different docket number." Thus, the Board decision appealed to the Veterans Court in this case did not address this issue and, accordingly, the Veterans Court did not have this issue before it.