**Herbert P. CARAVELLA,
Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of
Veterans Affairs Respondent–
Appellee.**

No. 03–7181.

United States Court of Appeals,
Federal Circuit.

DECIDED: Jan. 21, 2004.

Rehearing Denied Feb. 20, 2004.

Before NEWMAN, LOURIE, and DYK,
Circuit Judges.

PER CURIAM.

Herbert P. Caravella ("Caravella") appeals from the judgment of the United States Court of Appeals for Veterans Claims affirming the July 18, 2001, decision of the Board of Veterans' Appeals ("Board"), which held that an earlier March 10, 1977, Board decision denying Caravella's claim of service connection for a psychiatric disorder and drug dependence was not the result of clear and unmistakable error ("CUE"). *Caravella v. Principi,* No. 01–1745 (Vet.App. Apr. 14, 2003). We *dismiss* this case for want of jurisdiction.

BACKGROUND

Caravella served on active duty in the United States Army between August 1968 and May 1970 and between August 1971 and March 1973. After his discharge from

his second period of service, Caravella filed a claim for service connection for drug dependency and schizophrenia, paranoid type. The relevant statute and regulation included a presumption of service connection for a psychosis that became manifest to a degree of ten percent within one year of the date of termination from service. *See* 38 U.S.C. §§ 312(a)(1) (1976);[1] 38 C.F.R. § 3.307 (1976). However, the regulations prohibited service connection for "personality disorders." 38 C.F.R. § 3.303(c) (1976).

In April 1974, a Veterans Affairs ("VA") regional office ("RO") denied service connection, concluding that the drug dependency was a result of Caravella's willful misconduct and that the schizophrenia was a constitutional or developmental abnormality, *i.e.*, a personality disorder, rather than a psychosis. Caravella appealed this decision to the Board, which remanded the case to the RO for additional development in December 1974. During further hearings, Caravella testified that he was no longer addicted to drugs. On March 10, 1977, the Board denied Caravella's claims for service connection, holding that the drug dependency, if it existed, was the result of misconduct. In addition, the Board held that Caravella's schizophrenia was a personality disorder, not a psychosis, so it was not compensable pursuant to 38 C.F.R. § 3.303(c).

In April 2001, Caravella alleged that the 1977 Board decision contained CUE. He asserted, *inter alia*, that he was entitled to a presumption of service connection for his schizophrenia because his disorder was a psychosis, not a personality disorder. The Board held that the 1977 decision did not contain CUE. The Court of Appeals for Veterans Claims affirmed, holding that the

Board in 1977 had applied the proper statutes and regulations and that the Board had not erred in rejecting the CUE claim. *Caravella*, slip op. at 5–7.

## DISCUSSION

■ "Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals [for the Federal Circuit] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000).

Although Caravella asserts that his "constitutional rights" and "due process rights" were violated, (Appellant's Br. 1), merely labeling a claim as constitutional in nature does not confer jurisdiction upon us, *Helfer v. West*, 174 F.3d 1332, 1335 (Fed.Cir.1999). Caravella has identified no colorable constitutional claim.

Caravella also asserts that the Board's decision in 1977 contained CUE. However, the Court of Appeals for Veterans Claims held that the Board applied the proper statutes and regulations and that "a determination that the 1977 Board decision was the result of CUE would require the Court to engage in an impermissible reweighing of the evidence that was before the Board in 1977." *Caravella*, slip op. at 7. Caravella does not assert any legal error in the 1977 Board decision. Thus, any review of the decision of the Court of Appeals for Veterans Claims would be review of a challenge to the court's factual determinations or application of law to the facts of Caravella's case, which 38 U.S.C. § 7292(d)(2) does not permit.

---

1. Section 312 was redesignated as section 1112 of Title 38 in 1991. Department of Veterans Affairs Codification Act, Pub. L. No. 102–83, § 5(a), 1991 U.S.C.C.A.N. (105 Stat.) 378, 406 (1991).

Caravella also asserts that he is entitled to benefits pursuant to 38 U.S.C. chapter 35. However, chapter 35 provides only benefits for survivors' and dependents' educational assistance. Caravella gives no indication of how the chapter applies to his claim (which is not a claim for survivors' and dependents' educational assistance), nor did he assert such a claim before the VA. We will not consider this claim because it was not raised earlier.

Accordingly, this court lacks jurisdiction over Caravella's case.

## CONCLUSION

For the foregoing reasons, the case is dismissed for want of jurisdiction.

## COSTS

No costs.