ORDER

PER CURIAM.
The Acting Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Paul I. Noel’s appeal from the United States Court of Appeals for Veterans Claims. Noel has not responded.
Noel served on active duty in the U.S. Air Force from June 1954 to August 1958 and from February 1961 to January 1979. He filed an application for, inter alia, entitlement to Department of Veterans Affairs disability benefits for a skin condition, right-ear condition, a lung condition, hypertension, and sterility. Noel asserted that all of his conditions were caused by exposure to ionizing radiation during service.
In a January 3, 2005 decision of the Board of Veterans Appeals, Noel was denied entitlement to disability benefits on the ground that there was no evidence *257 establishing his conditions were due to in-service exposure. He appealed, through counsel, to the Court of Appeals for Veterans Claims. On April 11, 2007, the court affirmed the Board’s decision. Noel now appeals, seeking review by this court.
The court’s jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).
Noel asserts in his informal brief that his appeal involves both constitutional questions and issues of statutory interpretation. Specifically, he contends that he was denied due process under the Fifth Amendment and that 38 U.S.C. § 5103A was unconstitutional as applied to him. However, a mere assertion of a constitutional claim does not confer jurisdiction on this court. See Helfer v. West, 174 F.3d 1332 (Fed.Cir.1999). Nothing in Noel’s brief presents a true constitutional question or any other issue that gives this court jurisdiction. Therefore, this court is unable to review them. Because we agree with the Acting Secretary that this court lacks jurisdiction, we must dismiss Noel’s appeal.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motions are granted.
(2) Each side shall bear its own costs.
(3) The revised official caption is reflected above.