**Alfredo T. BAGAINDOC,**
Claimant–Appellant,

v.

**James B. PEAKE, M.D., Secretary of Veterans Affairs, Respondent–Appellee.**

No. 2008–7054.

United States Court of Appeals, Federal Circuit.

June 26, 2008.

Alfredo T. Bagaindoc, pro se.

Ellen M. Lynch, Department of Justice, Michael J. Timinski, Department of Veterans Affairs, Washington, DC, for Respondent–Appellee.

Before MICHEL, Chief Judge, NEWMAN and LOURIE, Circuit Judges.

## ON MOTION

PER CURIAM.

### ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Alfredo T. Bagaindoc's appeal from the United States Court of Appeals for Veterans Claims' judgment in *Bagaindoc v. Peake,* 06–0908, for lack of jurisdiction.

Bagaindoc sought review by the Court of Appeals for Veterans Claims of a Board of Veterans' Appeals decision that determined that he had submitted no new and material evidence to reopen his claim for service connection for malaria, an ear disability and status as a prisoner of war. The Court of Appeals for Veterans Claims affirmed the Board's decision, stating that the Board's determinations were not clearly erroneous. Bagaindoc appeals to this court.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

In his informal brief, Bagaindoc asserts that the Court of Appeals for Veterans Claims made factual errors in affirming the Board. He also asserts without further explanation that the agency's denial of benefits violated due process and deprived him of a property interest. However, a mere assertion of a constitutional claim does not confer jurisdiction on this court. *See Helfer v. West,* 174 F.3d 1332 (Fed.Cir. 1999). Bagaindoc does not raise a true constitutional claim within our jurisdiction. Because Bagaindoc fails to raise an issue within our jurisdiction, we must dismiss this appeal.

Accordingly,

**IT IS ORDERED THAT:**

(1) The Secretary's motions are granted. The appeal is dismissed.

(2) Each side shall bear its own costs.