Randell E. BROWN, Claimant–Appellant,

v.

James B. PEAKE, M.D., Secretary of Veterans Affairs, Respondent–Appellee.

No. 2008–7126.

United States Court of Appeals, Federal Circuit.

Oct. 7, 2008.

Before MAYER, LOURIE, and DYK, Circuit Judges.

ON MOTION

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Randell E. Brown's appeal from a decision of the United States Court of Appeals for Veterans Claims (CAVC) affirming the Board of Veterans' Appeals (Board) decision that denied Brown entitlement to an effective date prior to December 17, 1998 for the award of VA benefits for an anxiety disorder with panic attacks. Brown moves for leave to file an untimely opposition to the Secretary's motion.

At the CAVC, Brown argued that the Board erred by failing to consider whether his January 1997 Notice of Disagreement claiming that he was entitled to a 100% disability rating for his service-connected narcolepsy constituted an informal claim for benefits for panic attacks. He also argued that at a February 1995 hearing, he raised an informal claim by indicating that his panic attacks and narcolepsy were related. The CAVC affirmed the Board's effective date determination. In doing so, the court rejected Brown's arguments on the ground that in each of these situations, he never demonstrated the intent to seek VA benefits for an anxiety disorder with panic attacks.

The court's jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. *See Forshey v. Principi,* 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or

laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

Brown asserts in his brief and response that his appeal concerns questions of law and statutory interpretation. Specifically, he contends that his appeal involves whether the CAVC erred in deciding that the Board's effective-date determination was clearly erroneous and whether the Board failed to meet its statutory obligation to address his panic attack issue. Although Brown asserts that his arguments involve issues of statutory interpretation and matters of law, this court must look beyond the appellant's characterization of the issues to determine whether they fall within the jurisdiction of this court. *Flores v. Nicholson,* 476 F.3d 1379, 1382 (Fed.Cir.2007); *Helfer v. West,* 174 F.3d 1332, 1335 (Fed.Cir.1999). Here, Brown's arguments amount solely to an attack on how the Board and CAVC weighed the facts and applied the law to the facts, both of which are outside this court's limited jurisdiction. Because we agree with the Secretary that this court lacks jurisdiction, we must dismiss Brown's appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion is granted.

(2) Brown's motion to file his opposition out-of-time is granted.

(2) Each side shall bear its own costs.