ON MOTION
PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to dismiss for lack of jurisdiction Thomas L. Jones’ appeal from a decision of the United States Court of Appeals for Veterans Claims (CAVC). Jones opposes.
Jones sought review by CAVC of a Board of Veterans’ Appeals decision deny *547 ing his claim for an earlier effective date for the award of service connection for hearing loss and tinnitus. The Board ruled that because Jones did not file a claim within a year of the date of his discharge, the effective date of the grant of service connection could not be earlier than the date of the receipt of his claim. CAVC affirmed the Board’s decision, concluding that based on the record the Board did not err in determining Jones’ effective date. Jones appeals to this court
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of CAVC. See Forshey v. Pnncipi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2). or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).
In his informal brief, Jones contests that CAVC erred in its determination of his effective date by relying on falsified documents in the record provided by the Secretary. Although Jones asserts that his arguments involve matters of law, this court must look beyond the appellant’s characterization of the issues to determine whether they fall within the jurisdiction of this court. Flores v. Nicholson, 476 F.3d 1379, 1382 (Fed.Cir.2007); Heifer v. West, 174 F.3d 1332, 1335 (Fed.Cir.1999). Here, Jones’ arguments, in essence, only contest CAVC’s factual determinations in affirming the Board’s decision. Because we agree with the Secretary that this court lacks jurisdiction, we must dismiss Jones’ appeal.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to dismiss is granted.
(2) Each side shall bear its own costs.