NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7020

OSCAR S. GOINS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-1377, Judge Bruce E. Kasold.

ON MOTION

Before GAJARSA, FRIEDMAN, and LINN, Circuit Judges.

PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Oscar S. Goins's appeal from a decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals (Board) decision that denied Goins entitlement to disability compensation based on Agent Orange exposure for liver disease, kidney disease, and skin disease. Goins opposes.

At the Court of Appeals for Veterans Claims, Goins argued that the Board erred in (1) determining he was not eligible for disability compensation based on exposure to Agent Orange, (2) failing to apply the benefit of the doubt principle pursuant to 38 U.S.C. § 5107(b), (3) failing to provide a Statement of the Case (SOC), and (4) not addressing whether Goins was entitled to disability compensation for post-traumatic

stress disorder (PTSD). The Court of Appeals for Veterans Claims affirmed the Board's decision. In doing so, the court found that none of Goins's claimed diseases were entitled to a presumption of Agent Orange exposure and that there was no medical evidence that Goins suffered from any current skin, liver, or kidney condition. The court also found that the record reflected that Goins received an SOC and that his PTSD claim was pending before the agency and was not on appeal before the court.

The court's jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

Goins asserts in his brief and response that the Court of Appeals for Veterans Claims failed to consider the evidence that demonstrates his entitlement to compensation benefits. Goins's arguments regarding how the court weighed the evidence and facts of his case are outside of this court's limited jurisdiction. Goins also generally asserts that the court failed to follow the statutes and regulations and also violated his "constitutional rights from A-Z," including various assertions of due process violations alleged against the agency, the court, and the government. Although Goins asserts that his arguments involve issues of statutory interpretation and matters of law, this court must look beyond the appellant's characterization of the issues to determine

whether they fall within the jurisdiction of this court. Flores v. Nicholson, 476 F.3d 1379, 1382 (Fed. Cir. 2007); Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Here, Goins's arguments are aimed at factual issues or issues outside the confines of this appeal. Because we agree with the Secretary that this court lacks jurisdiction, we must dismiss Goins's appeal.

Accordingly,

IT IS ORDERED THAT:

(1)    The Secretary's motions are granted.

(2)    Each side shall bear its own costs.

FOR THE COURT

MAY - 5 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Oscar S. Goins
       Stacey K. Grigsby, Esq.

s19

ISSUED AS A MANDATE:    MAY - 5 2009    _____

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY - 5 2009

JAN HORBALY
CLERK

- 3 -