NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7059

ROY C. TALLEY,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Roy C. Talley, of Wasco, Oregon, pro se.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.  Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Dana Raffaelli, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7059

ROY C. TALLEY,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-3478, Chief Judge William P. Greene, Jr.

_____

DECIDED: November 4, 2009

_____

Before LOURIE, RADER and PROST, Circuit Judges.

PER CURIAM.

DECISION

Roy Talley appeals from the decision of the United States Court of Appeals for Veterans Claims ("the Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board") denying entitlement to an effective date earlier than August 16, 2000. Talley v. Peake, 2008 WL 4414499 (Vet. App. Sept. 26, 2008). Because Talley's claims on appeal challenge only the Board's factual determinations and its application of law to fact, we dismiss.

BACKGROUND

From January 1975 to July 1976, Talley served on active duty in the military service. He contacted a Regional Office ("RO") for the Department of Veterans Affairs ("VA") on August 16, 2000, and requested information regarding claims he had filed in the last two years. The RO informed him that they had no record of any such claims. The record showed only an earlier claim for education benefits, with the most recent submission on September 3, 1984.

Talley subsequently filed an application for a disability pension in October 2000, which was granted with an effective date of August 16, 2000. In that application, Talley indicated that he had previously filed claims only for hospitalization and medical care, not for a disability pension. Talley appealed the effective date of the pension to the Board, arguing that he had filed a claim with his county veterans service officer for pension in May 1993, following a left wrist injury in a chainsaw accident that left him completely disabled, and that the service officer lost the paperwork. In January 2006, the Board denied Talley's claim for an earlier effective date, making a finding that his August 16, 2000 phone inquiry constituted Talley's first informal claim for entitlement to VA non-service-connected pension benefits. The Board concluded that there was no supporting evidence for an earlier claim.

Talley appealed, and in December 2008, the Veterans Court entered judgment affirming the Board's determination. Talley had argued that his case could be proved with records in the possession of the Federal Bureau of Investigation ("FBI"). The Veterans Court noted that Talley had requested those documents, but that they were not part of the record on appeal. The Veterans Court found that "there was no evidence

2009-7059

before the Board that demonstrated that Mr. Talley filed a pension claim earlier than August 2000." Talley v. Peake, 2008 WL 4414499 at *2.  The Veterans Court also found that the Board had considered all of the evidence in the record and properly concluded that an effective date before August 16, 2000 was not warranted.  The court found the Board's conclusions to be supported by an adequate statement of reasons or bases, and not to be clearly erroneous.

Talley timely appealed to this court.  Our jurisdiction in appeals from the Veterans Court rests on 38 U.S.C. § 7292.

DISCUSSION

The scope of our review of a Veterans Court decision is limited by statute.  See 38 U.S.C. § 7292. Under section 7292(a), we may review a decision by the Veterans Court with respect to the validity of "any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision."  Absent a constitutional issue, we may not review challenges to factual determinations or challenges to the application of a law or regulation to facts.  Id. § 7292(d)(2).

Talley contests the Veterans Court's decision concluding that he is not entitled to an earlier effective date for his benefits.  Talley asserts that a clerk removed FBI-related evidence in his case and that his requests for pro bono representation were not met. Talley also asserts that his guarantee of due process of law was not satisfied as a result of the denial of his benefits.  Talley requests tort damages for his grievances against the VA.

2009-7059

The government responds that Talley does not raise any issues within this court's jurisdiction because he does not challenge a decision of the Veterans Court on a rule of law, the validity of a statute or regulation, or an interpretation of a statute or regulation relied upon by the court in making its decision. The Veterans Court affirmed the factual determination as to the proper effective date for Talley's pension benefits. Thus, according to the government, Talley's arguments relate to factual determinations relied upon by the Veterans Court in its decision, which are unreviewable by this court.

Talley's complaints as to the removal of evidence and the availability of pro bono representation do not raise questions as to the validity or interpretation of a statute. Talley's due process allegation is not a supported constitutional argument and is only a challenge on the merits of his case, the ultimate denial of benefits, and as such does not confer jurisdiction on this court. Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Talley challenges only the factual findings of the Veterans Court regarding the appropriate effective date of his pension benefits. Such factual findings are outside the scope of our review. As such, we have no jurisdiction over Talley's claims.

Accordingly, we dismiss the appeal.

COSTS

No costs.

2009-7059

-4-