NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD E. GRUBBS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7099

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-3465, Judge Alan G. Lance, Sr.

---

## ON MOTION

---

Before NEWMAN, SCHALL, and DYK, *Circuit Judges.*

PER CURIAM.

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Ronald E. Grubbs' appeal from the United States Court of Ap-

peals for Veterans Claims' judgment for lack of jurisdiction. Grubbs opposes.

As of April 19, 2002, Grubbs is entitled to receive disability compensation benefits for his service-connected chronic infectious hepatitis at a 100% disability rating award. It was that date, according to the agency, it first became factually ascertainable Grubbs' symptoms met the criteria for such rating. Before that, the evidence, according to the agency, warranted only a 10% disability rating effective December 20, 2000, and prior to that, he was not entitled to compensation in accordance with the rating criteria.

The Board of Veterans' Appeals confirmed these rating awards, and Grubbs sought review in the Court of Appeals for Veterans Claims. The court affirmed, holding the Board did not err in finding no medical evidence supports an increased rating or earlier effective date for a 100% disability award. Grubbs appeals that determination to this court.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Grubbs argues the court only considered an informal brief rather than the brief and evidence he submitted and has attached for our review. The court notes that the brief he has submitted here and the one on the Court of Appeals for Veterans Claims' docket appear to be identical. To the extent Grubbs contends that the court improperly weighed the evidence, this court is without jurisdiction to address such a contention. Similarly, this court is without jurisdiction to address Grubbs' other

contentions regarding the merits of his claims because he raises challenges to factual determinations or application of law to the facts of his case.

The only other argument Grubbs appears to make in his brief or response is that the denial of his claims for an earlier effective date or increased rating constitute a constitutional issue. While this court has jurisdiction over constitutional issues, the appellant's "characterization of that question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Grubbs's argument on this point also appears to be aimed at the merits of his claim and does not raise a separate constitutional issue. Therefore, this court has no jurisdiction to consider the issue.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions are granted. The appeal is dismissed.

(2) Each side shall bear its own costs.


FOR THE COURT


JUL 1 2 2011
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk


cc:  Ronald E. Grubbs
     Michael D. Austin, Esq.

s20

Issued As A Mandate:  JUL 1 2 2011

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 1 2 2011

JAN HORBALY
CLERK