Stephen L. HELFER, Claimant–Appellant,

v.

Togo D. WEST, Jr., Secretary of Veterans Affairs, Respondent–Appellee.

No. 98–7077.

United States Court of Appeals, Federal Circuit.

April 5, 1999.

■■■■■■■■■■

Michael E. Wildhaber, The Law Office of Wildhaber & Associates, Washington, D.C., argued for claimant-appellant. With him on the brief was Daniel D. Wedemeyer.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., argued for respondent-appellee. With him on the brief were David M. Cohen, Director, and Anthony H. Anikeeff, Assistant Director. Also on the brief were Richard J. Hipolit, Deputy Assistant General Counsel, and Martin J. Sendek, Staff Attorney, Office of the General Counsel, Department of Veterans Affairs, Washington, D.C.

Kenneth M. Carpenter, Carpenter, Chartered, Topeka, Kansas, for amicus National Organization of Veterans' Advocates.

Before LOURIE, SCHALL, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

This is an appeal from a decision of the Court of Veterans Appeals (now the Court of Appeals for Veterans Claims), denying the appellant's application for legal fees and expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412. We reject the appellant's constitutional and statutory arguments over which we have jurisdiction, and we therefore affirm the decision of Court of Veterans Appeals.

I

Appellant Stephen L. Helfer filed a claim for service-connected disability compensation for certain acquired psychiatric disorders, including post-traumatic stress disorder. In 1995, the Board of Veterans' Appeals denied his claim, and he appealed to the Court of Veterans Appeals. While his appeal was pending, the Secretary of Veterans Affairs adopted a new set of criteria for evaluating mental disorders and amended or adopted several regulations relating to disability claims. In particular, the Secretary adopted the diagnostic criteria for post-traumatic stress disorder found in the fourth edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM–IV).

In January 1997, the Secretary filed his brief in this case with the Court of Veterans Appeals. In that brief, the Secretary acknowledged that DSM–IV set forth the applicable standard for diagnosing post-traumatic stress disorder and noted that Mr. Helfer was rated under a prior, superseded version of the DSM. Nonetheless, the Secretary argued that the decision of the Board of Veterans' Appeals denying benefits to Mr. Helfer should be affirmed because, even though there was no dispute that Mr. Helfer was suffering from post-traumatic stress disorder, he had failed to produce sufficient evidence that his condition was service-connected, i.e., that he had experienced any stressors while he was in service that could have triggered post-traumatic stress disorder.

In March 1997, the Court of Veterans Appeals decided Cohen v. Brown, 10 Vet. App. 128 (1997), in which the court held that a remand to the Board of Veterans' Appeals was necessary to allow the Board to ensure that the claimant received consideration under the most favorable version of the DSM. Mr. Helfer's counsel promptly called the Cohen case to the court's attention; counsel urged that Cohen might be pertinent to his arguments for remand on some of the issues on appeal, but that it did not affect his arguments for reversal on one of the issues raised on appeal.

In June 1997, the Court of Veterans Appeals vacated the decision of the Board of Veterans' Appeals in Mr. Helfer's case and remanded the case to the Board for readjudication. The court noted that in deciding Mr. Helfer's case the Board had used earlier editions of the Diagnostic and Statistical Manual of Mental Disorders.

In accordance with the *Cohen* decision, the court ruled that Mr. Helfer was entitled to receive the benefit of the most favorable version of the DSM.

Several months later, Mr. Helfer filed an application with the Court of Veterans Appeals for an order requiring the government to reimburse the attorney fees and expenses he had incurred in connection with his appeal to the court. The government responded that although Mr. Helfer was the prevailing party in the Court of Veterans Appeals, he was not entitled to recover under the Equal Access to Justice Act (EAJA) because the government's position before the court was substantially justified.

Mr. Helfer contended that the government's position before the court was not substantially justified, because the government had failed to apprise the court of the adoption of DSM–IV as the applicable authority for the diagnosis of mental disorders, and had failed to modify its litigating position after the issuance of the *Cohen* decision in March 1997. The court denied Mr. Helfer's application.

## II

This court has only limited jurisdiction to review rulings of the Court of Appeals for Veterans Claims. Our jurisdictional statute, 38 U.S.C. § 7292, authorizes us to decide "all relevant questions of law," but provides that except to the extent that an appeal presents a constitutional issue, we may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d).

█ Cognizant of our narrow jurisdictional mandate, Mr. Helfer has, in the main, presented his case as a constitutional challenge and a request for an interpretation of a statutory provision. To the extent that he contends, apart from his constitutional claim and his statutory construction arguments, that the Court of Veterans Appeals erred in holding that the government's position in the litigation before the Court of Veterans Appeals was

substantially justified, we lack jurisdiction to address that question. *See Stillwell v. Brown*, 46 F.3d 1111, 1113 (Fed.Cir.1995). We therefore confine ourselves to the constitutional question and the question of statutory interpretation to which Mr. Helfer devotes most of his attention.

### A

█ Mr. Helfer's constitutional argument is that by ruling against him as it did, the Court of Veterans Appeals deprived him of a property interest without due process of law. Much of his argument on this point hints that because the court was mistaken in ruling against him, he was deprived of property (attorneys fees and expenses) to which he was entitled (because he should have been awarded them), without due process of law (*i.e.*, without a correct adjudication of his rights). To the extent that he has simply put a "due process" label on his contention that he should have prevailed on his EAJA claim, his claim is constitutional in name only. Thus, when Mr. Helfer contends that the Court of Veterans Appeals violated his constitutional rights by "ignor[ing] mandatory authority that compelled a finding that the Secretary's position was not justified," he is really arguing the merits of his EAJA claim, not raising a separate constitutional contention. We do not have jurisdiction to consider whether the Court of Veterans Appeals was mistaken when it concluded that the Secretary's position before that court was substantially justified, and Mr. Helfer's characterization of that question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.

To the extent that Mr. Helfer raises a constitutional argument separate from his contention that the court erred in denying his EAJA claim, that argument is within the scope of our jurisdiction. Under 38 U.S.C. § 7292(a), a party to a case before the Court of Appeals for Veterans Claims may obtain a review of the court's decision "with respect to the validity of any statute

or regulation ... or any interpretation thereof ... that was relied on by the Court in making the decision." Consistent with subsection (a) of the statute, subsection (c) gives us "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c).

▮ Although we have jurisdiction to consider Mr. Helfer's constitutional claim, we conclude that it is without merit. Based on *Penny v. Brown*, 7 Vet.App. 348 (1995), and other similar cases, Mr. Helfer argues that the Court of Veterans Appeals has adopted a legal rule that when the Secretary does not alter his litigating position despite an intervening change in the law that renders his position untenable, the Secretary's position cannot be substantially justified. According to Mr. Helfer, this case falls within the scope of that legal rule, and when the Court of Veterans Appeals failed to apply that rule to his case and failed to explain why it was not doing so, it denied him due process.

The short answer to Mr. Helfer's constitutional argument is that the authorities he cites do not control this case. In each of the cases on which Mr. Helfer relies, the Secretary urged the affirmance of a Board decision notwithstanding clearly contrary, governing precedent. In that setting, the Court of Veterans Appeals held that the Secretary's position was not substantially justified. In Mr. Helfer's case, by contrast, the *Cohen* precedent did not necessarily foreclose an affirmance of the Board's decision, because the Secretary's assertion that there was insufficient proof of service connection did not depend on the version of the DSM that was used as the standard for assessing his condition or determining whether his condition had an in-service origin. The Secretary's position was not that the principal alleged stressors on which Mr. Helfer relied were insufficient to produce post-traumatic stress dis-

order, but that the Board of Veterans' Appeals had found the evidence insufficient to establish that those alleged stressors had actually occurred.

Because it was reasonable for the Secretary to argue that affirmance was not legally foreclosed in Mr. Helfer's case, there is no necessary inconsistency between the court's ruling on Mr. Helfer's EAJA claim and the court's rulings in each of the prior cases he cites. Thus, even assuming that an unexplained departure from prior precedent in an identical case may rise to the level of a due process claim under some circumstances, Mr. Helfer's argument falls with its premise, since Mr. Helfer's case is substantially different from those on which he relies.

## B

▮ Mr. Helfer's second argument is that the Court of Veterans Appeals misinterpreted EAJA by shifting the burden to him to show that the Secretary's position was not substantially justified, rather than requiring the Secretary to demonstrate that his position was substantially justified. We have jurisdiction to consider this argument, as well as the following one, because they constitute challenges to the interpretation of a statute, not simply challenges "to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

▮ On the merits, there is no indication that the court misinterpreted the statute and shifted the burden of proof on the substantial justification issue to Mr. Helfer. The court simply pointed out that Mr. Helfer's arguments about why the Secretary's position was not substantially justified were unpersuasive. For a court to note the weaknesses in one party's arguments does not mean that it is treating that party as bearing the burden of proof. Instead, the court's observations may simply provide the reasons the court has concluded that the opposing party has satisfied its burden. Absent any indication

that the court placed the burden of proof on Mr. Helfer with respect to the issue of substantial justification, we hold that the court committed no legal error in that respect.

## C

Finally, Mr. Helfer argues that in concluding that the Secretary's position before the court was substantially justified, the Court of Veterans Appeals improperly relied on Mr. Helfer's concession that the Secretary's position was justified during the time the case was before the Board. The court, however, did not base its "substantial justification" ruling on Mr. Helfer's concession regarding the reasonableness of the Secretary's position before the Board. The court merely observed that there was no dispute that the Secretary's position before the Board was justified, and that the Secretary's failure to cite the *Cohen* case while Mr. Helfer's appeal was pending before the Court of Veterans Appeals did not render the Secretary's position unjustified. That was simply a way of focusing on the particular point to which Mr. Helfer directed his claim—the Secretary's failure to cite the *Cohen* case to the Court of Veterans Appeals. The court's characterization did not constitute or reflect a legal error in applying the Equal Access to Justice Act.

Finding no legal error that is within our jurisdiction to review, we uphold the decision of the Court of Veterans Appeals.

*AFFIRMED.*