Note:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7275

JOE CALDERON,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

Joe Calderon, of San Antonio, Texas, pro se.

Anuj Vohra, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Jane C. Kang, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge William A. Moorman

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7275

JOE CALDERON,

Claimant-Appellant,

v.

GORDON H. MANSFIELD, Acting Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  November 7, 2007

_____

Before RADER, SCHALL, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

The United States Court of Appeals for Veterans Claims (Veterans Court) affirmed the decision of the Board of Veterans' Appeals (Board) denying Mr. Joe Calderon entitlement to service connection for an anxiety disorder.  Lacking jurisdiction, this court <u>dismisses</u> Mr. Calderon's appeal.

I

Mr. Calderon is a veteran of World War II, having served on active duty in the United States Army from January 1942 to October 1945.  Nearly five decades later, in August 2001, Mr. Calderon filed a claim for service connection for post-traumatic stress

disorder (PTSD).  In October of that year, he underwent a Veterans Administration (VA) medical examination.  The examiner diagnosed Mr. Calderon as suffering from an anxiety disorder, with the primary stressors for this condition being aging and his son's death.  In February 2002, a VA regional office (RO) denied his claim for service connection for PTSD.

In January 2004, a psychiatrist's comment that Mr. Calderon suffered from an "[a]nxiety disorder . . . related to World War II combat" was included in a VA medical progress note.  Also in January 2004, Mr. Calderon's representative told the Board that Mr. Calderon was seeking service connection for PTSD "or anxieties secondary to the trauma of combat" and for traumatic incidents including Mr. Calderon's combat wounds.  In July 2004, the Board remanded Mr. Calderon's claim back to the RO for additional development and compliance with the Veterans' Claims Assistance Act of 2000.

Soon after the remand, in August 2004, Mr. Calderon underwent another VA medical examination.  The examiner stated that it was "unlikely" that Mr. Calderon's anxiety disorder was caused by his military service, but noted that any anxiety disorder may have been "aggravated" by his military service.  In May 2005, the Board denied Mr. Calderon's claim for service connection for an anxiety order, which the Veterans Court affirmed in June 2007.  Mr. Calderon now appeals to this court.

II

This court's jurisdiction to review decisions of the Veterans Court is limited. Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the Veterans Court in its decision.  This court may also entertain challenges to the validity of a statute or

regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

Mr. Calderon asserts in his informal brief to this court that his appeal involves several constitutional questions, giving this court jurisdiction. Specifically, Mr. Calderon asserts violations of his due process and equal protection rights. He bases these assertions on the regulatory definition of mental or psychoneurotic disorders, the failure of the Board and Veterans Court to afford him due process as a non-attorney appellant, the absence of "mutual professional respect" during his arguments, the inadequate weighing of his long-term unemployability due to combat wounds, his failing mental and physical health, and a multitude of other allegations related to his claim for service connection.

A mere assertion of a constitutional claim does not confer jurisdiction on this court. See Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Nothing in Mr. Calderon's brief presents a true constitutional question that gives this court jurisdiction. Instead, Mr. Calderon's appeal seeks review of the Veterans Court's factual determinations and its application of the law to Mr. Calderon's particular situation. Even though Mr. Calderon has asserted that the Veterans Court and Board decisions violate his constitutional rights, this court perceives no genuine constitutional dimension to his allegations. Therefore, this court is unable to review them. This court thus lacks jurisdiction and must dismiss Mr. Calderon's appeal.