NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7051

EDWARD Z. CAMILLO,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-1606, Judge Lawrence B. Hagel.

ON MOTION

Before NEWMAN, RADER, and SCHALL, Circuit Judges.

PER CURIAM.

## ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss for lack of jurisdiction Edward Z. Camillo's appeal from a decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals (Board) decision that denied Camillo entitlement to Department of Veterans Affairs disability compensation benefits for the residuals of a brain tumor.

Camillo served on active duty in the U.S. Army from September 1960 to September 1962. His induction examination noted no prior neuropsychiatric treatment or treatment relating to a brain tumor. However, his induction examination report noted a prior history of sleepwalking, headaches, and dizziness. In June 1981, Camillo filed an application with the Department for disability compensation benefits for residuals of a brain tumor, which had been diagnosed after his discharge. A Department regional

office (RO) denied Camillo's claim as pre-existing his entry into service. The RO relied predominantly on medical records between his discharge and his application that indicated Camillo had experienced headaches, naseua, and dizziness throughout childhood resulting in among other problems a four-month absence from school.

Following two unsuccessful attempts by Camillo to reopen his claim based on new and material evidence, Camillo's claim was reopened for adjudication in September 2004. In March 2005, he underwent examination by a Department medical examiner who opined that Camillo's symptoms "were at least as likely as not related to the tumor when he entered the service and was in the service." The examiner further noted that Camillo had a "very slowly progressing tumor that had nothing to do with him being in service."

The Department denied Camillo's claim for disability benefits based primarily on the Department medical examiner's opinion. Camillo appealed the Department's decision to the Board. Camillo also submitted in support of his claim a report from his private physician, opining that "I am certain that it is more likely tha[n] not that [Camillo's] brain tumor did not predate his service time," and that his tumor "significantly advanced/progressed permanently in service."

The Board sought an independent medical examination to reconcile what it stated to be two conflicting opinions regarding the onset and development of Camillo's brain tumor. In November 2006, the independent medical examiner opined that Camillo's tumor began growth before his entry into service and that while in service the tumor's growth was gradual and unremarkable. Relying on the independent examiner's opinion and the Department's medical examiner's opinion, the Board found that Camillo's brain tumor clearly and unmistakably pre-existed service and was not aggravated by service, thus rebutting the presumption of soundness.

2009-7051 - 2 -

On appeal at the Court of Appeals for Veterans Claims, Camillo argued through counsel that by seeking the independent medical examiner's opinion the Board was improperly obtaining unnecessary additional evidence against the claim. Camillo further argued that the Board failed to provide sufficient justification for its determination that an independent medical examiner's opinion was warranted.

In its December 1, 2008 decision, the Court of Appeals for Veterans Claims sustained the Board's denial of entitlement to compensation benefits, rejecting each of Camillo's arguments. Regarding the independent medical examiner's opinion, the court held that the Board was within its discretion in ordering an independent medical examination in light of the conflicting medical evidence. The court further held that the Board had correctly determined that there was clear and unmistakable evidence rebutting the presumption of soundness by demonstrating that Camillo's brain tumor pre-existed service and was not aggravated by service. Camillo filed a timely appeal seeking review by this court.

In his brief Camillo argues that the Board violated 38 C.F.R. § 3.304(c) by securing an independent medical examiner's opinion when there was evidence sufficient for the Board to determine whether his claim was eligible for service connection. He contends that there is no probative value in the Department medical examiner's report because that examiner never met with Camillo, and because there was only one probative medical opinion, there was no conflict between medical opinions to be resolved by an independent medical opinion.

The court's jurisdiction to review decisions of the Court of Appeals for Veterans Claims is limited. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in

2009-7051                                    - 3 -

its decision. This court may also entertain challenges to the validity of a statute or regulation, and to interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court lacks jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

Although Camillo asserts that his arguments involve an issue of regulatory interpretation, this court must look beyond the appellant's characterization of the issues to determine whether they fall within the jurisdiction of this court. Flores v. Nicholson, 476 F.3d 1379, 1382 (Fed. Cir. 2007); Helfer v. West, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Here, Camillo's arguments are aimed at how the Board and the court weighed the medical opinions and applied the law to the facts of his claim. Because we agree with the Secretary that this court lacks jurisdiction, we must dismiss Camillo's appeal.

Accordingly,

IT IS ORDERED THAT:

(1)    The Secretary's motions are granted.

(2)    Each side shall bear its own costs.

FOR THE COURT

JUN -3 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:    Edward Z. Camillo
       James P. Connor, Esq.

s19

ISSUED AS A MANDATE:    JUN -3 2009    _____

2009-7051                                          -4-