**Freddie E. McCOWAN, Claimant–Appellant,**

v.

**Eric K. SHINSEKI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 2009–7122.**

United States Court of Appeals, Federal Circuit.

Nov. 10, 2009.

Freddie E. McCowan, Fort Worth, TX, pro se.

Before RADER, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM.

*ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss this appeal for lack of jurisdiction or, in the alternative, summarily affirm the judgment of the United States Court of Appeals for Veterans Claims in *McCowan v. Shinseki,* No. 09–7122.

Freddie E. McCowan sought review by the Court of Appeals for Veterans Claims of a Board of Veterans' Appeals decision denying McCowan's claim for entitlement to service connection for post-traumatic stress disorder (PTSD). The Board had determined that the evidence did not support a finding that McCowan had PTSD, and the Court of Appeals for Veterans Claims held that the Board's decision had a plausible basis in the record and was not clearly erroneous. McCowan appeals to this court.

The Secretary moves to dismiss the appeal for lack of jurisdiction, asserting that McCowan only argues that the Board failed to properly weigh the medical evidence related to his claim for PTSD. We agree. In McCowan's brief, he makes arguments concerning the evidence and mentions but does not explain a constitutional argument. This court must look beyond the appellant's characterization of the issues to determine whether they fall within the jurisdiction of this court. *Flores v. Nicholson,* 476 F.3d 1379, 1382 (Fed.Cir. 2007); *Helfer v. West,* 174 F.3d 1332, 1335 (Fed.Cir.1999). Here, McCowan only challenges the Court of Veterans Claims' findings regarding his alleged PTSD. Because we agree with the Secretary that this court lacks jurisdiction, we must dismiss McCowan's appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion to dismiss is granted. The motion for summary affirmance is moot.

(2) Each side shall bear its own costs.