NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MIKE R. LEVARIO,**
*Claimant-Appellant,*

v.

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2012-7148

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-0325, Judge Lawrence B. Hagel.

---

Decided: May 10, 2013

---

MIKE R. LEVARIO, of Borne, Texas, pro se.

DAVID D'ALESSANDRIS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director. Of

counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before LOURIE and PLAGER, *Circuit Judges*, and BENSON*, *District Judge.*

PER CURIAM.

Mike R. Levario appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("the Board") denying entitlement to service connection for a left knee disability, sling palsy, residuals of trauma to the left side of the waist, hearing loss, and residuals of a motor vehicle accident. *Levario v. Shinseki*, No. 11-0325, 2012 WL 464839 (Vet. App. Feb. 14, 2012). For the reasons that follow, we dismiss for lack of jurisdiction.

BACKGROUND

Levario served on active duty in the United States Marine Corps from October 1971 to August 1974. In December 1973, he received treatment for a right knee injury following a motor vehicle accident. Eight months later, Levario's separation examination did not contain any abnormal findings other than a scar between his eyes.

In April 2006, Levario filed a claim for VA benefits for a heel concussion, sling palsy, and an internal injury of the hip, among other conditions. In October 2006, he attended a VA foot examination and was diagnosed with bilateral plantar fasciitis. In December 2006, a VA re-

---

\* Honorable Dee V. Benson, United States District Court for the District of Utah, sitting by designation.

gional office awarded Levario benefits for plantar fasciitis of the right and left foot and assigned a 10 percent disability rating for each foot, effective April 18, 2006, and denied his remaining claims.

In February 2007, Levario filed a claim for VA benefits including arthritis of the right and left knees, hearing loss, widespread musculoskeletal injuries, and a temporary total disability rating for convalescence. That claim was denied by the regional office in September 2008.

Levario appealed to the Board. In January 2011, the Board denied service connection for the various claimed injuries and denied a rating increase for Levario's bilateral plantar fasciitis. *In re Levario*, No. 08-26 402, at 26–27 (Bd. Vet. App. Jan. 3, 2011) ("*Board Decision*"). The Board found that the preponderance of the evidence was against service connection for these claimed injuries. *Id.* at 4–5, 15–16. The Board also found that the evidence did not support increasing the planar fasciitis disability rating to higher than 10 percent per foot. *Id.* at 19–20.

Levario requested review of the Board's decision and the Veterans Court affirmed. *Levario*, 2012 WL 464839, at *1. The Veterans Court held, *inter alia*, that: (1) Levario had failed to carry his burden of demonstrating error in the Board's determination finding no current left knee, shoulder, or waist disability, (2) Levario's hearing loss did not qualify for a disability rating under 38 C.F.R. § 3.385, (3) the record did not reasonably raise a theory of entitlement to benefits for residuals of a motor vehicle accident, and (4) the Board correctly determined Levario's planar fasciitis disability rating to be 10 percent per foot. *Id.* at *1–13. Levario timely appealed to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), a party may obtain review "with respect to the validity of a

decision of the Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." Under § 7292(d)(2), however, absent a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."

Levario's main argument is that the Veterans Court erred in concluding that the record did not reasonably raise a theory of entitlement to benefits for residuals of a motor vehicle accident, and he points to several pieces of evidence in the record that he believes demonstrate such error. Levario, however, does not point to any part of the Veterans Court decision that involved the validity or interpretation of a statute or regulation. Instead, he essentially challenges the weight the Board accorded to the evidence. Levario's argument thus rests on disagreement with the Board's evaluation and weighing of the evidence, which constitute factual determinations that lie beyond our jurisdiction under § 7292(d)(2).

Levario also argues that the VA regional office failed to obtain all of his service medical records and other relevant medical records in support of his claims, but he does not identify which records the VA failed to locate. Instead, Levario points to copies of electronic messages from 2006 indicating that his claims file could not be located. A handwritten entry, however, notes that the records were rebuilt on June 9, 2006. Pet'r's Exhibit V at 6. The Board also noted that Levario's "service medical records appear highly complete" and that the VA had met its duty to develop Levario's claim including procuring relevant medical records. *Board Decision* at 9, 24.

Finally, Levario argues that the Veterans Court denied his constitutional right to a fair and impartial application of Title 38 statutory and regulatory provisions and

alleges bias on the part of the judge. But, his allegations of an unfair proceeding simply challenge the Board's weighing of the evidence, which rests outside our jurisdiction. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (finding that veteran's invoking of a constitutional contention was actually arguing the merits of the underlying Veterans Court decision and was outside our jurisdiction).

We have considered Levario's remaining arguments and conclude that they are without merit. For the foregoing reasons, we must dismiss for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.