NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANNY R. BROWN,**
*Claimant-Appellant,*

**v.**

**Eric K. Shinseki, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2013-7062

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-1403.

---

Decided: June 7, 2013

---

DANNY R. BROWN, of Chicago, Illinois, pro se.

WILLIAM J. GRIMALDI, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and SCOTT D. AUSTIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant

General Counsel, United States Department of Veterans Affairs, of Washington, DC.

---

Before PROST, BRYSON, and TARANTO, *Circuit Judges.*

PER CURIAM.

## DECISION

The Board of Veterans' Appeals denied Daniel Brown's request to reopen a previously denied disability-compensation claim based on a foot disorder, and it denied a new claim for disability compensation based on a skin condition related to his military service. The Court of Appeals for Veterans Claims affirmed the Board's decision in both respects. The Veterans Court found that Mr. Brown had sufficient notice of the kind of new and material evidence that he would need to justify reopening his claim but that he failed to submit such evidence. It also found that his skin condition was not severe enough to be compensable under the Department of Veterans Affairs (VA) rating system. *Brown v. Shinseki*, No. 11-1403, 2012 WL 3578169 (Vet. App. Aug. 20, 2012). We affirm.

## BACKGROUND

Mr. Brown served on active duty in the United States Marine Corps from July 1976 to April 1980. Medical records from the period reflect in-service treatment for foot pain and abrasions as well as for pseudofolliculitis barbae, a skin condition that is associated with shaving and is more common among black men than white men. *Brown*, 2012 WL 3578169, at *1 n.1.

In May 1986, Mr. Brown filed a claim for disability benefits, asserting that he had a bilateral foot disorder that was connected to his military service. That claim was first denied in September 1986 by the VA's Regional

Office, and then again by the Board in April 1987. The Board found that Mr. Brown suffered from the foot condition before his military service and that his service had not aggravated the condition.

Years later, Mr. Brown attempted to reopen his claim. In a May 1999 decision, the Board denied his request because there was no evidence to rebut the earlier finding of a pre-military origin of his foot condition. Mr. Brown again sought to reopen the claim in May 2002. The Regional Office denied this second request in November 2002, finding that he had not submitted evidence about the origin of his foot condition. Mr. Brown did not appeal the denial, which became final.

In April 2007, Mr. Brown again requested that the VA reopen his claim. In order for a final Regional Office decision to be reopened, a veteran must submit new and material evidence. 38 U.S.C. § 5108; 38 C.F.R. § 3.156(a). The Regional Office sent Mr. Brown a letter informing him that his initial claim was denied "because the condition existed prior to service and was not aggravated by service" and describing what evidence he would need to submit before the claim could be reopened. In August 2007, the Regional Office declined to reopen Mr. Brown's claim. He appealed to the Board.

Mr. Brown filed a second claim in April 2009, asserting that he had pseudofolliculitis barbae and that it resulted from or was exacerbated by his military service. A physical examination in June 2009 confirmed that he had the skin condition. The examiner found, among other things, that the condition was intermittent and non-worsening, did not result in scarring or disfigurement, had not required any of several serious medications, and affected less than one percent of Mr. Brown's exposed skin and overall skin. In July 2009, the Regional Office granted Mr. Brown's claim, but determined that the condition was too lacking in severity to support a disability rating

that would entitle him to compensation. Mr. Brown appealed the zero-compensation rating to the Board.

In April 2011, the Board issued a decision addressing the two Regional Office decisions appealed by Mr. Brown. The Board denied his request to reopen the previously denied claim relating to his bilateral foot disorder, finding that he had not submitted new and material evidence. The evidence received after the August 2007 decision of the Regional Office included Mr. Brown's own testimony and outpatient treatment records. Although the records showed treatment for a foot condition, the Board found that they did not include evidence "linking a current foot condition to service or provide evidence to the question of aggravation of a preexisting foot disorder." The Board also found that Mr. Brown's testimony, while disagreeing with the earlier denial, provided no new insight into the cause or origin of his foot disorder.

As to his claim relating to pseudofolliculitis barbae, the Board found that the assigned rating was appropriate. Because the rating schedule did not contain a diagnostic code for that condition, the Board concluded it was appropriate for Mr. Brown's condition to be evaluated under Diagnostic Codes 7806 (dermatitis or eczema) or 7813 (dermatophytosis), which cover conditions most nearly approximating pseudofolliculitis barbae. The Board found that, under those Codes, compensation for his skin condition was not warranted because the affected area of Mr. Brown's skin was less than five percent of both his entire and exposed body, he did not take certain serious medications for its treatment, and the condition did not result in disfigurement or scars.

Mr. Brown appealed the Board's decision to the Veterans Court, which, on August 20, 2012, affirmed the Board's decision. *Brown*, 2012 WL 3578169. The Veterans Court found no clear error in the Board's determination that the VA had satisfied its duty to notify Mr. Brown

of the new and material evidence he would have to provide to justify reopening his previously denied claim. The Veterans Court also found no clear error in the Board's finding that Mr. Brown's lay testimony and outpatient treatment records did not constitute new and material evidence. In addition, the Veterans Court rejected Mr. Brown's challenge regarding his pseudofolliculitis barbae. It found that the Board adequately explained why Mr. Brown's skin condition did not result in a higher rating that would permit compensation and that its findings were supported by the record. The Veterans Court refused to consider additional, newly submitted medical records that Mr. Brown had not submitted to the Board, explaining that it was prohibited by statute from doing so. 38 U.S.C. § 7252(b).

A panel of the Veterans Court, reviewing the matter at Mr. Brown's request, subsequently concluded that the August 2012 decision would remain the decision of the Veterans Court. Separately, ruling on Mr. Brown's complaint of judicial misconduct based on failure to consider relevant evidence, the Veterans Court dismissed the complaint pursuant to its Rule 4(b)(1)(B) because the complaint was directly related to the merits of the action. Mr. Brown appeals.

DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited by statute. *See* 38 U.S.C. § 7292. We have jurisdiction to decide appeals that challenge the validity of a decision of the Veterans Court with respect to a rule of law or the validity of any constitutional provision, statute, or regulation, including any interpretation of such a source of law. *Id.* § 7292(d)(1). We do not have jurisdiction to review a challenge to a factual determination made by the Veterans Court or a challenge to a law or regulation as applied to the facts of a particu-

lar case unless the challenge presents a constitutional issue. *Id.* § 7292(d)(2).

The principal arguments raised by Mr. Brown in his appeal present no issue within this court's jurisdiction. Although he identifies several regulatory provisions, he does not appear to allege that the Veterans Court interpreted them improperly or that they are invalid. At most he takes issue with the Veterans Court's application of those regulations to the facts of his case, which is generally outside this court's jurisdiction to review. 38 U.S.C. § 7292(d)(2).

Mr. Brown does broadly invoke the Fifteenth Amendment and the Due Process Clause of the Fifth Amendment (Br. of Danny R. Brown at Question 3, Attach. at 1-2), but he provides no specifics about how his constitutional rights were violated, the Veterans Court did not decide any constitutional issue, and merely attaching a constitutional label to a non-constitutional challenge does not support this court's jurisdiction. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Nevertheless, giving his filing a generous construction, we can discern two constitutional assertions that we can review. But, reviewing them, we find them devoid of merit.

To the extent that Mr. Brown alleges that the Veterans Court denied him due process by not reviewing the medical records he submitted to the Court but not the Board, his claim lacks merit. These records were "not before the agency" when the Board issued its decision, a fact that Mr. Brown acknowledges. *Brown*, 2012 WL 3578169, at *6. The Veterans Court acted in accordance with 38 U.S.C. § 7252(b) when it chose to disregard evidence not already considered by the agency or the Board. There is no due process violation in rules, which are pervasive in our legal system, that restrict a reviewing tribunal to the evidence that was before the agency or tribunal whose determination is being reviewed.

Similarly, Mr. Brown may be taken to be contending that his due process rights were violated by bias in the Veterans Court's consideration of his evidence. But he offers no basis except the substance of the rulings themselves. And it is well established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). We see nothing that calls for a different conclusion for Mr. Brown's bias allegation, even when presented under a due-process rubric.

CONCLUSION

For the foregoing reasons, we conclude that the Veterans Court's judgment should be affirmed.

No costs.

**AFFIRMED**