NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MIKE JOSEPH B. BABSA-AY,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7036

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2629, Judge Donald L. Ivers.

---

Decided: November 8, 2013

---

MIKE JOSEPH B. BABSA-AY, Baquio City, Philippines, pro se.

NICHOLAS JABBOUR, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel and SAVANNAH CONNALLY,

Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before WALLACH, LINN, and TARANTO, *Circuit Judges.*

PER CURIAM.

Mike Joseph B. Babsa-ay appeals from a U.S. Court of Appeals for Veterans Claims ("Veterans Court") decision denying him entitlement to death benefits. Because determining whether Mr. Babsa-ay was a "legally adopted child" of a veteran involves factual inquiries or application of law to facts, this court dismisses Mr. Babsa-ay's appeal for lack of jurisdiction.

BACKGROUND

Jeronimo Babsa-ay ("veteran") served on active duty from December 1972 to May 1980. In April 1978, the veteran adopted Mr. Babsa-ay, the veteran's nephew, under Philippine law, when he was four years old. Subsequently, in May 1980, the veteran passed away.

Mr. Babsa-ay filed a claim with the Department of Veterans' Affairs ("VA") for death benefits in November 2008. The VA regional office ("RO") denied the claim later that month. On appeal, the Board held that Mr. Babsa-ay did not qualify as an adopted child to be eligible to receive VA death benefits. In particular, the Board found that Mr. Babsa-ay was residing with his natural mother, the veteran's sister, prior to the veteran's death and did not reside with the veteran for at least a year prior to the veteran's death, rendering him ineligible for death benefits. Mr. Babsa-ay appealed the Board's decision to the Veterans Court.

The Veterans Court affirmed the Board's decision. *Babsa-ay v. Shinseki*, No. 11-2629 (Vet. App. Sept. 14, 2012). It held that Mr. Babsa-ay failed to meet the definition of a "legally adopted child" for purposes of VA death

benefits pursuant to 38 U.S.C. § 101(4)(B). Mr. Babsa-ay appeals that decision to this court.

## DISCUSSION

Congress has limited the scope of this court's review of Veterans Court's decisions. *See Deloach v. Shinseki*, 704 F.3d 1370, 1378 (Fed. Cir. 2013); 38 U.S.C. § 7292. This Court has jurisdiction to review the validity of a decision of the Veterans Court "on a rule of law" or the validity "of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). Otherwise, absent a constitutional issue, we may not review challenges to factual determinations or to the application of a law or regulation to facts. *Id.* § 7292(d)(2).

In this case, the Veterans Court applied 38 U.S.C. § 101(4)(B)(i), which imposes requirements for benefits-eligibility of a "legally adopted child" where the adoption occurs "under the laws of any jurisdiction other than a State." 38 U.S.C. § 101(4)(B)(i). Such a child, according to the statute,

> shall not be considered to be a legally adopted child of a veteran during the lifetime of such veteran . . . unless such person—(I) was less than eighteen years of age at the time of adoption; (II) is receiving one-half or more of such person's annual support from such veteran; (III) is not in the custody of such person's natural parent, unless such natural parent is such veteran's spouse; and (IV) is residing with such veteran . . . except for periods during which such person is residing apart from such veteran . . . for purposes of full-time attendance at an educational institution . . . .

*Id.* The Veterans Court applied these criteria to the facts of this case.

Specifically, the Veterans Court affirmed the Board's findings that Mr. Babsa-ay was adopted during the lifetime of the veteran (and not at the time of the veteran's death), and lived with his natural mother (the veteran's sister) as opposed to living with the veteran for the year preceding the veteran's death. In addition, the Veterans Court found that though Mr. Babsa-ay was in kindergarten at the time of the veteran's death, there was no indication that Mr. Babsa-ay lived apart from the veteran for the purpose of full-time kindergarten attendance.

Applying these factual determinations to § 101(4)(B)(i), the Veterans Court held that because Mr. Babsa-ay did not meet the definition of a "legally adopted child," he was not eligible to receive VA death benefits. Mr. Babsa-ay's appeal thus generally asks this court to review the application of § 101(4)(B)(i) to the facts of this case and to review factual findings relevant to his status as a "legally adopted child." This court has no jurisdiction to do so in this case.

For example, Mr. Babsa-ay argues that the Veterans Court should have applied § 101(4)(B)(ii) and not § 101(4)(B)(i). Section 101(4)(B)(ii) applies to a person who is "considered to have been a legally adopted child of a veteran as of the date of such veteran's death and thereafter," whereas § 101(4)(B)(i) applies to those persons adopted during a veteran's lifetime pursuant to foreign law. Such an inquiry requires second-guessing the Veterans Court's underlying finding that Mr. Babsa-ay was adopted during the veteran's lifetime. We have no jurisdiction to review that factual determination.

In addition, to the extent Mr. Babsa-ay asserts constitutional issues, those claims are constitutional in name only. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (holding that, "[t]o the extent that [petitioner] has simply put a 'due process' label on his contention that he should have prevailed on his . . . claim, his claim is consti-

tutional in name only"). The remaining arguments like-wise fall outside this court's limited jurisdiction, includ-ing, for some, because they are raised for the first time on appeal. *See Forshey v. Principi*, 284 F.3d 1335, 1351 (Fed. Cir. 2002) (en banc) (holding that this court generally does not decide issues not raised below in appeals of Veterans Court decisions).

CONCLUSION

For the foregoing reasons, this case is dismissed for lack of jurisdiction.

**DISMISSED**

No costs.