NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN C. JOHNSON,**
*Claimant-Appellant,*

v.

**ROBERT A. MCDONALD,**
**Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2014-7123

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 13-2384, Judge Mary J. Schoelen.

---

Decided: December 8, 2014

---

JOHN C. JOHNSON, of Las Vegas, Nevada, pro se.

JESSICA R. TOPLIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were JOYCE R. BRANDA, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and MARTIN F. HOCKEY, JR., Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and MARTIN J. SENDEK, Attorney, Unit-

ed States Department of Veterans Affairs, of Washington, DC.

_____

Before MOORE, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM

John Johnson appeals from a U.S. Court of Appeals for Veterans Claims (Veterans Court) judgment upholding a Board of Veterans' Appeals decision that denied Mr. Johnson an earlier effective date for service connection for coronary artery disease. Because Mr. Johnson challenges the Veterans Court's factual findings and application of 38 C.F.R. § 3.816(c)(2) to the facts of this case, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Mr. Johnson served in the U.S. Marine Corps from 1962 to 1966 and suffered exposure to Agent Orange during service. He filed a claim for disability compensation for Agent Orange exposure, which the Department of Veterans Affairs (VA) received on February 7, 1991. The VA found Mr. Johnson eligible for participation in the Agent Orange payment program and granted him entitlement beginning July 31, 1989.

Relevant to this appeal, Mr. Johnson also filed a claim for service connection for coronary artery disease (CAD), with which he was diagnosed in 1990. 38 C.F.R. § 3.309(e) subsequently established presumptive service connection for CAD based on exposure to certain herbicides, such as Agent Orange. A VA regional office (RO) thus granted Mr. Johnson service connection for CAD with an effective date of February 7, 1991, the date the VA received his disability claim for Agent Orange exposure.

Mr. Johnson appealed to the Board, requesting an earlier effective date for his service connection award for

CAD. The Board upheld the RO's decision, finding that the RO correctly applied 38 U.S.C. § 3.816(c)(2), which provides that the effective date for an award for disability compensation for a "covered herbicide disease," such as CAD, "will be the later of the date such claim was received by VA or the date the disability arose." The Board held that February 7, 1991, the date the VA received Mr. Johnson's disability claim for Agent Orange exposure, was later than when his CAD arose in 1990 and therefore constituted the appropriate effective date under § 3.816(c)(2).

The Veterans Court affirmed the Board's decision. The court also rejected Mr. Johnson's assertion that he was prejudiced by the court's previous denial of his request to supplement the record in another appeal relating only to the issue of service connection. The court held that Mr. Johnson failed to establish the relevance of that prior decision to the instant matter. Mr. Johnson timely appealed.

## DISCUSSION

Pursuant to 38 U.S.C. § 7292(a), we have jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof, on which the Veterans Court relies to reach its decision. We may not, however, review a challenge to a factual determination or an application of law to the facts of a particular case, except where an appeal presents a constitutional question. 38 U.S.C. § 7292(d)(2).

We do not have jurisdiction over this appeal because Mr. Johnson only challenges the Veterans Court's factual determinations and application of § 3.816(c)(2) to the facts of this case. Mr. Johnson disputes the effective date assigned to his service connection award for CAD. Whether the Board and Veterans Court correctly applied § 3.816(c)(2) in assigning the effective date is an issue over which we have no jurisdiction. Mr. Johnson reas-

serts that the Veterans Court improperly excluded relevant evidence when it denied his request to supplement the record in a previous appeal. This issue also does not fall within our scope of review as it presents only a factual dispute. Mr. Johnson further alleges that he suffered constitutional violations, but provides no further detail or support for his claim. Labeling the Veterans Court's decision a constitutional violation alone does not confer upon us jurisdiction that we otherwise lack. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (holding that this court does not have jurisdiction over assertions that are "constitutional in name" only). Because the only issue here is Mr. Johnson's disagreement with the Veterans Court's factual findings and application of law to fact, we must dismiss the appeal for lack of jurisdiction.

## DISMISSED

### Costs

No Costs.