NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT L. FEDERICO,**

*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2017-2564

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-0507, Judge Coral Wong Pietsch, Judge William S. Greenberg, Senior Judge Kenneth B. Kramer.

---

Decided: December 28, 2018

---

NATHAN S. MAMMEN, Kirkland & Ellis LLP, Washington, DC, argued for claimant-appellant. Also represented by HANNAH LAUREN BEDARD; JUDY JOANNE DONEGAN, The Veterans Consortium Pro Bono Program, Washington, DC; EDWARD MICHAEL FARMER, The Law Offices of Edward M. Farmer, Aurora, IL; RICHARD VALENTINE SPATARO, National Veterans Legal Services Program, Washington, DC.

KRISTIN MCGRORY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by CLAUDIA BURKE, ROBERT EDWARD KIRSCHMAN, JR., JOSEPH H. HUNT; MARTIE ADELMAN, AMANDA BLACKMON, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before NEWMAN, PLAGER, and MOORE, *Circuit Judges.*

PER CURIAM.

This is a veterans case. Robert L. Federico (Federico) appeals the decision by the Court of Appeals for Veterans Claims (Veterans Court), which affirmed the decision by the Board of Veterans Appeals (Board). The decision denies entitlement to service connection for ischemic heart disease. Because we lack jurisdiction, we dismiss.

## BACKGROUND

Federico served on active duty in the United States Air Force from September 1967 to September 1971. He was stationed at the Nakhon Phanom Royal Thai Air Force Base (RTAFB) from July 1969 to August 1970. His military occupational specialty was munitions specialist, and he was assigned to the 456th Munitions Maintenance Squadron.

In December 2011, Federico filed a claim with the Department of Veterans Affairs (VA) for benefits for ischemic heart disease based on herbicide exposure. In August 2012, the VA denied Federico's claim because it could not verify herbicide exposure. Federico appealed to the Board. The VA continued its denial in a May 2013 statement of the case and in an August 2015 supplemental statement of the case. In November 2015,

the Board held a hearing. In January 2016, the Board affirmed. Federico appealed to the Veterans Court. In May 2017, the Veterans Court affirmed. In July 2017, the Veterans Court granted Federico's motion for panel decision and ordered that the May 2017 decision remain the decision of the court. Federico now appeals to this court.

## DISCUSSION

Our jurisdiction to review Veterans Court decisions is limited by statute. We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a). However, unless the appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Regarding our jurisdiction, Federico contends that we have jurisdiction for several reasons. We address each in turn. First, Federico contends that the Veterans Court disregarded 38 U.S.C. § 1154 and 38 C.F.R. § 3.303(a). The statute and regulation each require that a determination of service connection be made on the basis of the veteran's service as shown by the relevant evidence. Federico contends that the Veterans Court violated the statute and regulation because the court compared Federico's service to the service of other veterans in determining that Federico's travel on the perimeter road of the Nakhon Phanom RTAFB was insufficient to establish herbicide exposure.

While it is true that the Veterans Court considered the possible service of other veterans, the court only did so when considering Federico's actual service—as was required—to find that Federico was not exposed to

herbicides and therefore lacked entitlement to service connection. The decision of whether Federico was entitled to service connection was based on the facts at issue and the application of law and regulation to those specific facts. We lack jurisdiction to review such challenges. *See id.*

Second, citing other Board decisions, Federico argues that the Board typically concedes herbicide exposure in similar circumstances. Federico contends that the Veterans Court acted contrary to law by not finding the Board's decision to be arbitrary and capricious in light of the Board's typical practice. Federico's argument is based on Board decisions concerning different veterans and different facts. In each case, as is the case here, the decision of whether the veteran was entitled to service connection was based on the facts at issue and the application of law and regulation to those specific facts. We lack jurisdiction to review such challenges. *See id.*

Third, while we may review constitutional claims, we lack jurisdiction over claims that are constitutional in name only. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Federico styles his appeal as raising a constitutional issue. Again citing other Board decisions, Federico contends that other veterans were granted service connection in similar circumstances. He argues that the Veterans Court's denial of service connection constitutes an equal protection violation because he was treated differently.

However, Federico's argument is based on different factual scenarios. As previously discussed, the particular factual findings and applications of law and regulation to fact involved in those other cases were dispositive. The same is true here. Federico is actually challenging the Veterans Court's particular factual findings and applications of law and regulation to fact that were

unfavorable to him.  We cannot review such matters.  *See* 38 U.S.C. § 7292(d)(2).

We have considered the remaining arguments raised on appeal and find them unpersuasive.  Because we lack jurisdiction, we must dismiss.

CONCLUSION

For the foregoing reasons, we dismiss the appeal.

**DISMISSED**

COSTS

No costs.