NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MINNIE L. SIMMONS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-1369

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-7716, Senior Judge Robert N. Davis.

---

Decided: June 9, 2022

---

MINNIE L. SIMMONS, Aberdeen, MS, pro se.

MATNEY ELIZABETH ROLFE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; CHRISTOPHER O. ADELOYE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, REYNA, and TARANTO, *Circuit Judges*.

PER CURIAM.

Minnie L. Simmons, the surviving spouse of Army veteran Robert E. Simmons, filed a claim for dependency and indemnity compensation under 38 U.S.C. § 1310, claiming the required service connection on the ground that Mr. Simmons's death due to myocardial infarction, hypertension, and lung cancer was caused by exposure to the Agent Orange herbicide during his service in 1967 near the Korean demilitarized zone. The Department of Veterans Affairs (VA) regional office denied her claim, and the Board of Veterans' Appeals affirmed the denial. The Court of Appeals for Veterans Claims (Veterans Court) vacated the Board decision for failing to consider certain evidence. *Simmons v. Wilkie*, No. 19-2555, 2020 WL 2703094 (Vet. App. May 26, 2020) (*CAVC Remand Decision*). On remand, the Board again denied the claim, finding that even though Mr. Simmons had served in Korea during a period in which exposure to herbicides could be presumed, the presumption was overcome by the evidence indicating that Mr. Simmons himself was not exposed to Agent Orange. The Veterans Court affirmed. *Simmons v. McDonough*, No. 20-7716, 2021 WL 4976670 (Vet. App. Oct. 27, 2021) (*CAVC Final Decision*).

Mrs. Simmons appeals. But her only challenge is to the factual determination that Mr. Simmons was not exposed to Agent Orange. This court lacks jurisdiction to review factual findings where, as here, no constitutional challenge is presented. We therefore dismiss the appeal for lack of jurisdiction.

I

Robert Simmons served in the Army, and he was stationed at Camp Hovey in Korea from January 1967 to

September 1967. Because of a court martial, he was confined in a stockade at the Army Support Command from July 18 to September 2, 1967. He departed Korea on September 3, 1967.

Mr. Simmons died in 2006. His death certificate lists three causes of death: myocardial infarction, hypertension, and lung cancer. After his death, Mrs. Simmons, in 2006, applied for and obtained death pension benefits, but she was denied dependency and indemnity compensation and accrued benefits. In 2017, Mrs. Simmons applied again for dependency and indemnity compensation. She argued that Mr. Simmons's death was due to Agent Orange exposure, citing "VA regulations" that acknowledged that Camp Hovey was near the Korean demilitarized zone where Agent Orange was sprayed. Appx. 30. She also cited a physician statement stating that Agent Orange exposure "could have contributed to" Mr. Simmons's health problems. Appx. 30; Appx. 38.

On April 19, 2018, the VA regional office denied her claim. It determined that Mr. Simmons's service in Korea in 1967 preceded the period—April 1, 1968, to August 31, 1971—during which VA would presumptively concede exposure to herbicides, and it also found that there was "no evidence" that Mr. Simmons was exposed during service. Appx. 37. Thus, VA found that the cause of Mr. Simmons's death was not connected to his military service, and it denied Mrs. Simmons's claim.

The Board affirmed the denial, but on May 26, 2020, the Veterans Court vacated the Board's decision and remanded the case because the Board had not adequately considered the physician statement in its analysis. *CAVC Remand Decision*, 2020 WL 2703094, at \*2.

On remand, the Board again found no service connection. The Board recognized that intervening legislation, Blue Water Navy Vietnam Veterans Act of 2019, Pub. L. No. 116-23, § 3(a), 133 Stat. 966, 969 (codified at 38 U.S.C.

§ 1116B), had expanded the period of presumptive herbicide exposure to begin on September 1, 1967—two days before Mr. Simmons left Korea—but based on the fact that Mr. Simmons had been confined to the stockade until the day before he left, the Board concluded that Mr. Simmons had not been exposed to herbicides. Appx. 46–48. The Board also acknowledged the physician statement but granted it "no probative weight" because it was based only on Mr. Simmons's own statements that he had been exposed to Agent Orange, not on a medical examination. Appx. 48. Because it found that the evidence overcame the presumption of herbicide exposure, the Board also concluded that the presumption of service connection (based on exposure) was not applicable. Appx. 48–49. The Board also determined that service connection could not be found without the aid of the presumption, stressing that the record showed that Mr. Simmons's causes of death (myocardial infarction, hypertension, and lung cancer) arose long after his separation from service. Appx. 49. It therefore denied Mrs. Simmons's claim.

The Veterans Court affirmed. It upheld the Board's finding that Mr. Simmons had not been exposed to herbicides during his service and therefore declined to apply the presumption of service connection.[1] *CAVC Final Decision*,

---

[1]    Mrs. Simmons asserted, and the Veterans Court accepted, that hypertension is one of the conditions for which service connection may be presumptively granted if herbicide exposure is demonstrated (or presumed). *See CAVC Final Decision*, 2021 WL 4976670, at *3 (citing 38 U.S.C. § 1116(b)(1) and 38 C.F.R. § 3.309(e)). The Secretary contests that assertion on appeal. Sec'y Informal Br. 6 n.2, 10. Because the Veterans Court's conclusion of no service connection is based on its agreement with the Board's finding that Mr. Simmons was not exposed to herbicides, we need not reach this issue.

2021 WL 4976670, at *3–4.  Mrs. Simmons filed a timely notice of appeal.

## II

This court's jurisdiction to review decisions of the Veterans Court, defined by 38 U.S.C. § 7292, is limited.  We have jurisdiction to decide an appeal insofar as it presents a challenge to a Veterans Court's decision regarding a rule of law, including a decision about the interpretation or validity of any statute or regulation.  *Id.* § 7292(a), (d)(1).  We do not have jurisdiction to review a challenge to a factual determination or a challenge to the application of a law or regulation to the facts of a particular case, except to the extent that an appeal presents a constitutional issue.  *Id.* § 7292(d)(2).

Mrs. Simmons challenges only the Veterans Court's determination that Mr. Simmons was not exposed to herbicide during service.  She argues that the Veterans Court "overlooked the evidence" showing that Mr. Simmons was purportedly exposed to Agent Orange, including his medical history and own reports of exposure.  Simmons Informal Br. 1–2.  She also argues that Camp Hovey was within the Korean demilitarized zone and that Mr. Simmons's exposure should be presumed.  Simmons Informal Reply Br. 2.  Ultimately, she seeks reversal of the Veterans Court's determination of no exposure and an application of the presumption of service connection.  Simmons Informal Br. 3.

But those are purely factual challenges, not legal ones.  Even if Mr. Simmons served in Korea during the period of presumptive exposure to herbicides, that presumption may be overcome by factual evidence to the contrary.  *See* 38 U.S.C. § 1113 ("Where there is affirmative evidence to the contrary, . . . service-connection pursuant to section 1112, 1116, or 1118 . . . will not be in order."); 38 U.S.C. § 1116B(a) (establishing presumption of herbicide exposure for certain Korean War veterans "subject to section 1113"); 38 C.F.R. § 3.307(a)(6)(iv) (establishing

presumption of herbicide exposure for Korean War veterans "unless there is affirmative evidence to establish that the veteran was not exposed to any such agent during that service"). The Board considered the evidence before it—both the affirmative evidence against exposure and the evidence for it given by Mr. Simmons and his physician—and found that Mr. Simmons was not exposed and was therefore not entitled to the presumption of service-connection under 38 U.S.C. § 1116B. That determination is a factual one that we lack jurisdiction to review. *See Jefferson v. Principi*, 271 F.3d 1072, 1075–76 (Fed. Cir. 2001).

Mrs. Simmons asserts that the Veterans Court committed constitutional error because it was an "act of discrimination" to "overlook[] the evidence" presented in favor of demonstrating exposure. Simmons Informal Br. 2. This assertion merely repeats her factual challenge, without identifying a constitutional issue. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[An appellant's] characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

### III

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.[2]

The parties shall bear their own costs.

**DISMISSED**

---

[2]    We treat Mrs. Simmons's submissions of additional documents, after she submitted her informal briefs, as motions to file supplemental appendices, which we grant. We have considered those documents in the present decision.