NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANITA BUMGARDNER,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1461

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5111, Judge Joseph L. Falvey, Jr.

---

Decided:  October 16, 2025

---

JOHN B. WELLS, Law Office of John B. Wells, Slidell, LA, argued for claimant-appellant.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, YAAKOV ROTH; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office

of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before PROST, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

Anita Bumgardner, surviving spouse of Army veteran Clifford Bumgardner, appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). Ms. Bumgardner's appeal challenges the Veterans Court's determination to affirm the decision of the Board of Veterans' Appeals, which denied service connection for Mr. Bumgardner's cause of death and Ms. Bumgardner's entitlement to dependency and indemnity compensation. Ms. Bumgardner raises numerous issues challenging factual determinations or that require the application of law to fact. She fails, however, to challenge any particular aspect of the Veterans Court's decision based on a rule of law or the validity or interpretation of any statute or regulation. 38 U.S.C. § 7292(c), (d)(1); *see id.* § 7292(d)(2) (This court "may not review" "a challenge to a factual determination" or "a challenge to a law . . . as applied to the facts of a particular case.").[1] We therefore dismiss this appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.

———————————

[1] Nor has Ms. Bumgardner developed any legitimate constitutional challenge. *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[The appellant's] characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").