NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**LARRY ELLIS,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

———————————

2013-7139

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-3182, Judge Margaret C. Bartley.

———————————

Decided:  January 17, 2014

———————————

LARRY ELLIS, of Milwaukee, Wisconsin, pro se.

JEFFREY A. REGNER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and KIRK T. MANHARDT, Assistant Director.  Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and CHRISTINA L. GREGG, Attorney, United

States Department of Veterans Affairs, of Washington, DC. Of counsel was LARA K. EILHARDT, Attorney.

———————————

Before NEWMAN, PROST, and TARANTO, *Circuit Judges.*

PER CURIAM.

Larry Ellis appeals a decision of the United States Court of Appeals for Veterans Claims that affirmed an August 2, 2011 decision of the Board of Veteran's Appeals. The affirmed 2011 Board decision had found no clear and unmistakable error in an earlier Board decision, from March 5, 1990. *Ellis v. Shinseki*, No. 11-3182 (Vet. App. June 12, 2013). Because Mr. Ellis has not presented any issue that falls within our limited jurisdiction to review decisions of the Veterans Court, we dismiss the appeal.

BACKGROUND

Mr. Ellis served on active duty in the United States Army from March 3, 1971, to November 14, 1972, the last nine months as a military policeman in Vietnam. He received the Bronze Star Medal, Vietnam Service Medal, and Vietnam Campaign Medal for his service.

In January 1985, Mr. Ellis filed a claim for post-traumatic stress disorder (PTSD) based on his service in Vietnam. The United States Department of Veteran's Affairs denied his claim, finding both that PTSD had not been diagnosed at the time of his service and that there was no verifiable "stressor" shown in his records. After Mr. Ellis appealed, the Board remanded his claim for consideration of additional evidence, including testimony from Mr. Ellis regarding his traumatic experiences in Vietnam, testimony from a doctor who had treated Mr. Ellis for seven months and had diagnosed him with PTSD, a report from a psychologist who had seen Mr. Ellis for two months and also diagnosed him with PTSD, and psychological evaluations by two additional VA

psychiatrists who found no evidence of PTSD. In May 1989, the VA confirmed its previous finding that he had not shown PTSD connected to his service. On March 5, 1990, the Board likewise denied Mr. Ellis's claim, stating that "the evidence does not establish that his recollections are of an intrusiveness characteristic of post-traumatic stress disorder"; that despite receiving various decorations, Mr. Ellis "received no combat related or valor awards" and was not otherwise "shown to have been engaged in or exposed to significant combat or other catastrophic events"; and that his "disturbing experiences in Vietnam . . . are not shown to have been of a nature or magnitude to constitute a stressor." App. 25-26. Almost a decade later, Mr. Ellis succeeded in petitioning to reopen his claim, receiving a finding of service-connected PTSD effective January 20, 1999.

Yet another decade later, on November 2, 2009, Mr. Ellis filed a claim alleging that the March 5, 1990 Board decision contained clear and unmistakable error. He based his claim on the 1990 Board's finding that he "received no combat related or valor awards" and was not otherwise "shown to have been engaged in or exposed to significant combat," which he contended was clear and unmistakable error because his Bronze Star Medal proved that he participated in combat. On August 2, 2011, the Board found no clear and unmistakable error in the 1990 Board decision. The 2011 Board noted that a Bronze Star Medal without a "V" device—the medal Mr. Ellis received—could be awarded for "achievement or service" during either war or peace, while a Bronze Star Medal awarded specifically for valor in combat would include a "V" device. The 2011 Board concluded that because Mr. Ellis did not receive a Bronze Star Medal with a "V" device, reasonable minds could disagree about whether his medal proved that he participated in combat. The Board also concluded that, regardless of whether the 1990 Board should have found that Mr. Ellis participated in

combat and therefore demonstrated the requisite in-service stressor, the mistake could not constitute clear and unmistakable error because it was not the case that "the result would have been manifestly different but for the error." 38 C.F.R. § 20.1403(a). The 2011 Board reasoned that, because the 1990 Board also found no clear diagnosis of PTSD at all, even finding that Mr. Ellis had participated in combat would not have changed the 1990 Board's decision.

Mr. Ellis appealed the 2011 Board's finding of no clear and unmistakable error to the Veterans Court, asserting again that his Bronze Star Medal is proof of combat sufficient to establish an in-service stressor, that the 2011 Board improperly substituted its own reasoning for that expressed in the 1990 Board decision, and that the 2011 Board's decision was not supported by an adequate statement of reasons or bases. The Veterans Court affirmed the 2011 Board decision. *Ellis v. Shinseki*, No. 11-3182 (Vet. App. June 12, 2013). Mr. Ellis now appeals the Veterans Court's decision, reiterating his contention that his service "in a combat zone . . . should have warranted a [diagnosis] of PTSD" and that "all requirements were met to determine a diagnosis of PTSD." Appellant's Br. ¶¶ 3, 5.

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited. *See* 38 U.S.C. § 7292. We have jurisdiction to decide appeals insofar as they challenge a decision of the Veterans Court with respect to a rule of law, including the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). We do not have jurisdiction to review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case, except to the extent an appeal presents a constitutional issue. *Id.* § 7292(d)(2).

Mr. Ellis's appeal does not raise any issue within our limited jurisdiction. Mr. Ellis concedes in his opening brief that his appeal does not involve any constitutional issues. Although he includes a single sentence in his reply brief asserting that he should be "allowed his Fifth Amendment Due Process Rights," this statement is insufficient to confer jurisdiction. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (appellant's mere characterization of the question presented as constitutional in nature did not confer jurisdiction that the court otherwise lacked). Similarly, although Mr. Ellis states in his reply that the Veterans Court "failed to apply statutory regulations as defined in 38 U.S.C.," he does not identify any statute or regulation that the Veterans Court failed to apply, much less misinterpreted.

Mr. Ellis contends that the Veterans Court incorrectly resolved factual issues concerning his alleged in-service stressor and his disputed diagnosis of PTSD. He also states that 38 C.F.R. § 3.304(f) "should apply to this case," but he does not identify any legal error in the Veterans Court's analysis of that regulation. Because Mr. Ellis's appeal challenges only factual determinations and the application of the relevant regulations to the facts of his particular case, which are matters outside our jurisdiction, we are without power to hear his appeal.

No costs.

**DISMISSED**