NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KENNETH W. CHAKY,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1280

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-2936, Judge Mary J. Schoelen.

---

Decided: July 18, 2017

---

KENNETH W. CHAKY, Raiford, FL, pro se.

ALEXIS J. ECHOLS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY; BRIAN D. GRIFFIN, BRYAN THOMPSON, LARA EILHARDT, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, O'MALLEY, and STOLL, *Circuit Judges*.

PER CURIAM.

Kenneth Chaky ("Chaky") appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed a decision of the Board of Veterans' Appeals ("Board") that there was no clear and unmistakable error in the Board's July 1987 decision denying service connection for Chaky's back condition. Because we lack jurisdiction to review the issues Chaky raises in this appeal, we *dismiss* the appeal.

## I. BACKGROUND

Chaky served on active duty in the U.S. Army from March 1970 to April 1973. *Chaky v. McDonald*, No. 15-2936, 2016 U.S. App. Vet. Claims LEXIS 1239, at *1 (2016). During his time in the Army, Chaky served in Vietnam from October 1970 to May 1971. *Id.*

In 1969, Chaky underwent a service entrance examination, which noted that Chaky had a history of back trouble. *Id.* In January 1970, Chaky's private physician explained that Chaky had experienced an episode of lower back pain in April 1967, but that the pain subsided after bed rest and the use of a back support. *Id.* X-rays from that time did not reveal any abnormalities, but Chaky's physician rendered a presumptive diagnosis of a herniated lumbar disc. *Id.* at *1–2. In February 1970, Chaky was referred to an orthopedic doctor for an evaluation of his back. After reviewing Chaky's reported medical history, conducting a physical examination, and taking x-rays of the lumbar spine, the orthopedic doctor concluded that Chaky "appears to have had an acute lumbosacral sprain at one time," but that there was no evidence of a disability at the time of the examination. *Id.* at *2.

In February 1972, while still in the Army, Chaky complained of back pain and a history of back problems. *Id.* In July 1972, Chaky underwent an examination to determine whether he could engage in parachute jumping. *Id.* During the examination, Chaky reported having a ruptured disc with back and leg pain in the past. *Id.* A subsequent orthopedic evaluation revealed: full range of motion; no tenderness, weakness, or atrophy; and no pathology noted on x-rays. *Id.* Based on the results of the evaluation, Chaky was cleared for parachute jumping with no restrictions. *Id.* at *2–3.

Before his separation from the Army, Chaky underwent another examination in March 1973. *Id.* at *3. The examination indicated that Chaky experienced occasional back pains. *Id.* A clinical evaluation, however, revealed no abnormalities of his spine or musculoskeletal system. *Id.*

In 1987, Chaky submitted a claim in which he asserted that he sustained back injuries during his service in Vietnam. Chaky's service medical records do not show any injuries occurring during his service in Vietnam. *Id.* But Chaky testified during a regional office hearing that he sustained a back injury while jumping out of a helicopter hovering about 15 feet above the ground while carrying about 75 pounds of equipment. *Id.* Chaky further testified that he received painkillers from a medic in the field, but did not seek any treatment for his back until 1974. *Id.*

Chaky also submitted testimony from others in support of his claim. *Id.* Chaky's father stated that Chaky, while still in Vietnam, sent a letter home in which he mentioned the helicopter jump and his back pain. *Id.* at *3–4. Others serving with Chaky also submitted statements. The medic for Chaky's platoon confirmed that Chaky carried equipment weighing between 60 and 90 pounds. *Id.* at *4. The medic also stated that he adminis-

tered medication for Chaky's back pain. *Id.* Another serviceman corroborated Chaky's story that his company had to jump out of a helicopter hovering about 10 to 15 feet above the ground while receiving fire from the enemy. *Id.* The serviceman stated, "[i]t was at this time that [Chaky] very likely injured his back." *Id.*

After Chaky left the Army, but before he sought treatment for his back in 1974, he suffered an occupational injury. *Id.* at \*3–4. While digging a hole to lay pipes, Chaky's back gave out, and he was unable to stand erect. *Id.* at \*4. Chaky received treatment from a chiropractor. *Id.* Records indicate that the chiropractor predicted Chaky might suffer a future disc problem and experience continued back pain. *Id.* at \*4–5. Treatment records from December 1980 to January 1986 confirm that Chaky received ongoing treatment for his back. *Id.* at \*5.

After considering this history, the Board issued a decision in July 1987 denying service connection for Chaky's back disorder. *Id.* The Board found that Chaky was not presumed sound when he entered service because he suffered a back injury prior to his service in the Army and the injury was noted at the time of his entry into service. *Id.* The Board also found that the medical evidence of record did not show that Chaky aggravated his preexisting back problems while on active duty in the Army. *Id.* The Board noted that Chaky's service medical records showed no back pathology, and Chaky's clinical evaluation before his separation from the Army showed no abnormalities. After considering this and other evidence, the Board concluded that the "evidence is not so evenly balanced as to give rise to a reasonable doubt which could be resolved in [Chaky's] favor." *Id.* at \*6. The Board therefore determined that Chaky experienced "no increase in the degree of disablement attributable to the preexisting back disorder during service." *Id.*

In June 2011, Chaky filed a motion to revise the Board's 1987 decision based on clear and unmistakable error. *Id.* In a decision issued in April 2015, the Board denied Chaky's motion to revise the 1987 decision. *Id.* The Board concluded that it might have committed error in the 1987 decision by not considering 38 C.F.R. § 3.306(b)(2)—which states that the "development of symptomatic manifestations of a preexisting disease or injury during or proximately following action with the enemy . . . will establish aggravation of a disability"—but the Board found that the result would not have been manifestly different but for any error that may have occurred. *Id.*

On appeal to the Veterans Court, Chaky, while represented by counsel, argued that the Board erred in its 1987 decision by applying the wrong evidentiary standard and in concluding that the Board's failure to apply 38 C.F.R. § 3.306(b)(2) in its 1987 decision did not compel the conclusion that the result would have been different. *Id.* at *11. Chaky also argued that the Board failed to support its decision with an adequate statement of reasons or bases. *Id.* at *12. The Veterans Court found Chaky's arguments unpersuasive because the Board determined that clear and convincing evidence rebutted a finding of in-service aggravation. *Id.* The Veterans Court noted that Chaky failed to demonstrate that the Board's 2015 decision did not apply the correct law or applied an incorrect evidentiary standard to determine that the Board committed clear and unmistakable error in its 1987 decision. *Id.* at *13. The Veterans Court concluded that, although the Board might have applied the incorrect standard in its 1987 decision, the Board applied the correct standard in its 2015 decision in finding that clear and convincing evidence existed in 1987 to rebut the presumption of service connection for an injury aggravated in combat. *Id.* at *13–14.

Proceeding pro se, Chaky appeals the Veterans Court's decision affirming the Board's 2015 decision.

## II. DISCUSSION

We have limited subject-matter jurisdiction to review appeals from the Veterans Court. We have jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). Unless an appeal presents a constitutional issue, we cannot review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Chaky asserts that the Veterans Court decision "decided the constitutional issue of Due Process" by "misinterpreting or ignoring regulations and evidence in the record." Appellant's Informal Br. 1. Chaky also contends that the following regulations were "ignored or misinterpreted" in denying service connection to Chaky's back condition: 38 C.F.R. §§ 3.304, 3.306, 3.159, and 20.1403. Suppl. to Appellant's Informal Br. 1. Chaky argues that a correct interpretation of these regulations would have resulted in a finding of service connection for his injury. *Id.* Chaky also identifies factual findings that he believes are not supported by substantial evidence. *Id.* at 2.

In his reply brief, Chaky argues that we have jurisdiction to review the Veterans Court decision because it "is not in accordance with law; deprives [Chaky] of the constitutional equal protection of law; is in violation of a statutory right; and it is without observance of procedure required by law." Appellant's Informal Reply Br. 2–3.

Although Chaky tries to frame this case as addressing a constitutional issue and the interpretation of a statute or regulation, Chaky's appeal merely asks us to apply certain regulations to the facts of his case. Indeed,

Chaky's own briefing confirms that this is his true intent. Chaky asserts that, "[i]f all the evidence of record was considered, and the regulations applied correctly, the clear and unmistakable conclusion would have been service connection." Suppl. to Appellant's Informal Br. 3. In his reply brief, Chaky argues that, "[b]y failing to properly apply law and regulations to the evidence, [the Veterans Court's] decision is not in accordance with law; deprives [Chaky] of the constitutional equal protection of law; is in violation of a statutory right; and it is without observance of procedure required by law." Appellant's Informal Reply Br. 2. He also concludes by stating that he "prays that this Court apply law and regulations to the evidence, to determine whether [the Veterans Court] and [Board] decisions are lawful, and grant a proper and favorable judgment, ultimately leading to establishment of service connection." *Id.* at 4.

Chaky's request that we reapply the relevant law and regulations to the facts of his case and to conclude this matter in his favor asks us to reach beyond our jurisdiction. *See* 38 U.S.C. § 7292(d)(2). Although Chaky characterizes his appeal as raising a constitutional argument, he merely is arguing the merits of his claim for service connection, as shown by the statements quoted above. To the extent he purports to raise constitutional claims, the claims are constitutional in name only. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). Chaky's attempt to frame his appeal "as constitutional in nature does not confer upon us jurisdiction that we otherwise lack." *Id.*

## III. CONCLUSION

For the foregoing reasons, we dismiss Chaky's appeal for lack of jurisdiction.

## DISMISSED

COSTS

No costs.