NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**WILLIAM GRONER,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2022-1928

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-5722, Judge Joseph L. Toth.

_____

Decided:  December 6, 2022

_____

WILLIAM GRONER, Erie, PA, pro se.

MATNEY ELIZABETH ROLFE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

_____

Before MOORE, *Chief Judge*, TARANTO and CHEN, *Circuit Judges*.

PER CURIAM.

William Groner appeals a decision of the United States Court of Appeals for Veteran Claims affirming the Board of Veterans' Appeals' decision denying Mr. Groner's request to reopen his claim for service-connected disability benefits. Because we lack jurisdiction, we *dismiss*.

BACKGROUND

Mr. Groner served in the Navy from March 1970 to December 1972, followed by service in the Naval Reserves. S. Appx. 8. He suffers from coronary artery disease and has sought service connection for that heart condition since 1998. *Id.* According to Mr. Groner, his condition began during an inactive duty training exercise in 1981, but was not officially diagnosed until June 1988. S. Appx. 2.

A Department of Veterans Affairs Regional Office (RO) denied Mr. Groner's claim for service connection in 1999, finding there was no evidence to support an in-service cardiac condition. S. Appx. 8. Mr. Groner did not appeal, and the RO's decision became final. *Id.* In 2001, Mr. Groner petitioned the Board to reopen his claim. S. Appx. 2. After a lengthy procedural history, the Board issued a final decision in 2010 denying service connection. S. Appx. 1–2.

Mr. Groner filed a new petition to reopen his claim in 2014. The RO denied the petition. S. Appx. 2. The Board affirmed, finding the evidence submitted by Mr. Groner was not new and material. S. Appx. 5–6. Mr. Groner appealed and the Veterans Court affirmed, holding the Board's finding was supported by the record and accompanied by an adequate statement of reasons. S. Appx. 10. Mr. Groner appeals.

## DISCUSSION

Our jurisdiction over decisions of the Veterans Court is limited. Under 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." Except with respect to constitutional issues, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

We lack jurisdiction over Mr. Groner's appeal. Mr. Groner's appeal does not involve the validity or interpretation of a statute or regulation. Nor does it raise any constitutional issues.[1] Instead, Mr. Groner challenges the Board's finding that the evidence he submitted is not new and material. However, "determinations of new and material evidence require the application of a clear legal standard set forth in a regulation to the particular facts of a case." *Prillaman v. Principi*, 346 F.3d 1362, 1367 (Fed. Cir.

---

[1]    Mr. Groner summarily alleges that the decisions below raise a constitutional issue, Appellant's Informal Br. at 2, because the Department of Veterans Affairs and the Board are "preventing [him] from the pursuit of happiness that is an unalienable right from the Creator found in the Declaration of Independence and upheld by our Constitution." *Id.* at 5. This vague statement is not sufficient to raise a genuine constitutional issue for purposes of our jurisdiction. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("To the extent [appellant] has simply put a 'due process' label on his contention that he should have prevailed on his. . . claim, his claim is constitutional in name only" and "does not confer upon us jurisdiction that we otherwise lack.").

2003).  We lack jurisdiction to review application of law to fact and therefore *dismiss*.

## DISMISSED

### COSTS

No costs.