NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM P. JORDAN, III,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1323

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-697, Judge Joseph L. Toth.

---

Decided:  July 17, 2024

---

WILLIAM PLEAS JORDAN, III, Lake Isabella, CA, pro se.

ALEXANDER BREWER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before CHEN, STOLL, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

William P. Jordan, III, seeks a higher disability rating under diagnostic code (DC) 5003-5260 for arthritis in both knees.[1]  The Board of Veterans' Appeals (Board) denied Mr. Jordan a higher rating, finding he did not meet the requisite criteria.  The United States Court of Appeals for Veterans Claims (Veterans Court) affirmed the portion of the Board's decision regarding DC 5260 and remanded the portion regarding DC 5003.  Mr. Jordan appeals the portion of the Veterans Court's decision affirming the denial of a higher rating under DC 5260.  For the following reasons, we *dismiss* this appeal for lack of jurisdiction.

## I.

Mr. Jordan served in the United States Marine Corps from 1969 to 1971.  *Jordan v. McDonough*, No. 23-0697, 2023 WL 8272172, at *1 (Vet. App. Nov. 30, 2023) (*Decision*).  In 2011, he filed a claim for bilateral arthritic knee pain related to his service.  *Id.*  Mr. Jordan underwent a medical examination to assess his knee pain in 2013.  *Id.*  After that examination, the regional office of the Department of Veterans Affairs (VA) granted him a ten percent disability rating under DC 5003-5260. *Id.*  Mr. Jordan also underwent additional examinations in 2019 and 2020.  *Id.*

Relevant to this appeal, Mr. Jordan sought a higher rating from the VA.  After a complex procedural history, in a January 2023 decision, the Board denied a higher rating under DC 5260.   Appx. 8, 22.[2]   It also found that

---

[1]    Hyphenated diagnostic codes are used when a rating under one code requires referring to an additional code to identify the basis for the evaluation.

[2]    "Appx." refers to the supplemental appendix filed with the government's response brief, ECF No. 7-2.

Mr. Jordan did not qualify for a higher rating under DC 5003. *Id.* at 8, 23.

Before the Veterans Court, Mr. Jordan asserted that the "Board erred by (1) misreading and mischaracterizing his VA exam reports, (2) not affording his lay evidence probative weight, and (3) misapplying 38 C.F.R. §§ 4.40, 4.45, and 4.59." *Decision*, 2023 WL 8272172, at *1. The Veterans Court affirmed the Board's denial of a higher rating under DC 5260. It found that the Board had not erred in relying on the three prior examinations, particularly since Mr. Jordan twice failed to appear for what would have been the fourth examination. *Id.* at *2. It also found no issue with the Board's decision not to afford his lay evidence probative weight or with the Board's discussion of 38 C.F.R. §§ 4.40, 4.45, and 4.59. *Id.*; Appx. 16–25. The Veterans Court, however, remanded the Board's decision to deny an increased rating under DC 5003 because the Board's reasoning was "inadequately explained." *Decision*, 2023 WL 8272172, at *3.

Mr. Jordan timely appeals the Veterans Court's decision to affirm the Board's denial of a higher rating under DC 5260.[3]

## II.

Mr. Jordan asks that we reverse the Veterans Court because it failed to review clearly erroneous findings of fact and questions of law and based its decision on those incorrect factual findings and legal conclusions. Appellant's Informal Opening Br. at 5. His main contentions are that the Veterans Court ignored favorable medical evidence and misapplied 38 C.F.R. §§ 4.40, 4.45, and 4.59 by ignoring certain functional-loss factors. In Mr. Jordan's view, if the Veterans Court properly reviewed his case, then he should

---

[3]    The Veterans Court's remand under DC 5003 is not at issue on this appeal.

have received the highest possible rating under DC 5260. *Id.* at 21.

We lack jurisdiction to hear this appeal. Congress has limited our jurisdiction to decide "questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Unless an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

Mr. Jordan has not presented a question of law for us to review. His argument that the Veterans Court did not properly consider medical evidence amounts to a challenge to the Veterans Court's factual determinations, and his other argument challenges the Veterans Court's review of the Board's application of certain regulations to the facts of this case. We lack jurisdiction over both challenges. *See* 38 U.S.C. § 7292(d)(2).

That Mr. Jordan frames his contentions as due process arguments does not confer jurisdiction. Mr. Jordan "has simply put a 'due process' label on his contention that he should have prevailed." *Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999). We lack jurisdiction over arguments that are "constitutional in name only." *Id.*

### III.

We have considered Mr. Jordan's other arguments and find them unpersuasive. Accordingly, we *dismiss* this appeal for lack of jurisdiction.

**DISMISSED**

CoSTS

No costs.