NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TREVOR SPENCER TAYLOR,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Defendant-Appellee*

---

2024-1642

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-6758, Judge Amanda L. Meredith.

---

Decided: September 6, 2024

---

TREVOR TAYLOR, Ann Arbor, MI, pro se.

KATY M. BARTELMA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, CHEN, *Circuit Judge*, and MURPHY, *District Judge*.[1]

PER CURIAM

Trevor Spencer Taylor, a veteran, appeals from a decision of the Court of Appeals for Veterans Claims ("the Veterans Court"). SAppx7–17.[2] He seeks a service connection for bilateral hearing loss. For the following reasons, we *dismiss* this appeal for lack of jurisdiction.

## BACKGROUND

Mr. Taylor served in the United States Army from June 1986 to June 1990 and from January to March 1991. His service as an M1 Armor Crewman carried a risk of exposure to hazardous noise and certain toxic substances. SAppx29. In 2019, he sought a service connection for bilateral hearing loss. A Regional Office of the Department of Veterans Affairs ("VA") examined his record and found no hearing test results meeting the VA's criteria for impaired hearing. SAppx28. The VA noted that Mr. Taylor declined a new auditory examination because he believed that there was already sufficient evidence of record. SAppx30. The VA denied service connection. Mr. Taylor appealed to the Board of Veterans' Appeals ("Board"). The Board found that Mr. Taylor did not have bilateral hearing loss for VA purposes and concluded that the criteria for service connection for bilateral hearing loss were not met. SAppx18. The Board noted that Mr. Taylor had submitted his own statements that he believes he suffers from hearing loss, but the

---

[1]    Honorable John F. Murphy, District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

[2]    "SAppx" refers to the supplemental appendix attached to Appellee's Informal Brief, ECF No. 18.

Board gave conclusive weight to the medical evidence in his record.

Mr. Taylor appealed to the Veterans Court, which affirmed in a single-judge decision. SAppx9–17. The Veterans Court reviewed Mr. Taylor's hearing test data and confirmed that none met the VA's criteria for hearing loss. The Veterans Court also disagreed with Mr. Taylor's arguments that the VA failed to correctly consider or adequately address his in-service and post-service medical records. Mr. Taylor sought reconsideration and a full-panel decision, and the Veterans Court maintained the single-judge decision. SAppx8.

Mr. Taylor timely appeals the Veterans Court's decision affirming the Board's denial of service connection for bilateral hearing loss.

## DISCUSSION

We have jurisdiction only "with respect to the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision. 38 U.S.C. § 7292(a). "Except to the extent that an appeal . . . presents a constitutional issue, [we] may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." § 7292(d)(2).

On appeal, Mr. Taylor identifies five alleged errors for review by this Court: (i) the hearing tests were improperly administered and the VA failed to identify helpful test results in his claims file; (ii) the Veterans Court was biased in favor of counsel for the VA; (iii) counsel for the VA led the Veterans Court astray by citing to the wrong section of the audiologist's notes; (iv) the Veterans Court misread several hearing test results as "20" decibels instead of "26"; and (v) the Veterans Court failed to properly oversee the

VA because one or more lawyers who represent the VA are also members of the Veterans Court Bar Association.  Mr. Taylor characterizes these alleged errors as both legal and constitutional.  In particular, Mr. Taylor argues that the Veterans Court decision demonstrates improper entanglement between the Veterans Court and the VA in violation of separation of powers principles.

Most of Mr. Taylor's arguments fall outside of our jurisdiction because they challenge factual determinations or applications of law to fact.  *See* § 7292(d)(2).  We are not permitted to reassess Mr. Taylor's records as he requests. Nor do we perceive a genuine constitutional issue in Mr. Taylor's appeal.  The Veterans Court did not address or rely on any constitutional issues.  Mr. Taylor's arguments on appeal that he did not receive fair treatment at the Veterans Court do not raise colorable constitutional concerns. And we do not agree with Mr. Taylor that his case or his allegations about the lawyers involve perceptible due process concerns.  Labeling arguments as constitutional does not automatically confer jurisdiction.  *Helfer v. West*, 174 F.3d 1332, 1335 (Fed Cir. 1999).  Therefore, we lack jurisdiction to consider Mr. Taylor's appeal.

CONCLUSION

We have considered Mr. Taylor's remaining arguments and find them unpersuasive.  Accordingly, we *dismiss* this appeal for lack of jurisdiction.

**DISMISSED**

COSTS

No costs.