NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BENJAMIN WAYNE LATHAM, PATRICIA MUSILECK LATHAM,**
*Claimants-Appellants*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-2253

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-2786, Judge Michael P. Allen.

---

Decided: March 7, 2025

---

BENJAMIN WAYNE LATHAM, Raleigh, NC, pro se.

PATRICIA MUSILECK LATHAM, Raleigh, NC, pro se.

ELINOR JOUNG KIM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; SCOTT J. SHOREMAN, BRYAN THOMPSON, Office

of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before REYNA, SCHALL, and HUGHES, *Circuit Judges.*

PER CURIAM.

Benjamin Latham, a veteran of the U.S. Marine Corps, and his wife and caretaker, Patricia Latham, appeal a decision of the United States Court of Appeals for Veterans Claims that denied a writ of mandamus and motion to expedite proceedings. Because Mr. and Mrs. Latham's appeal challenges the Veterans Court's factual determinations or application of law to fact, which we lack jurisdiction to review, we dismiss.

I

Mr. Latham served in the Marine Corps from June 2010 to January 2015. S.A. 54.[1] Following his separation from service, the Department of Veterans Affairs awarded Mr. Latham a 100 percent combined disability rating effective January 31, 2015, and special monthly compensation to include an allowance for aid and attendance. Appx. 188–89.[2]

In February 2015, Mr. and Mrs. Latham jointly applied for benefits under the Program of Comprehensive Assistance for Family Caregivers (PCAFC). Appx. 170. In April 2015, their joint application was approved with Mrs. Latham designated as the primary family caregiver and assigned a stipend equivalent to 25 hours of caregiver

———————————

[1] "S.A." refers to the supplemental appendix filed with the Respondent's brief.

[2] "Appx." refers to the corrected appendix filed with the Claimant's brief.

assistance, commonly referred to as "Tier 2." Appx. 177; S.A. 64.

In 2017, based on a reassessment, the VA assigned the Lathams the highest Tier 3 stipend, equivalent to requiring 40 hours per week of caregiver assistance. Appx. 180. However, Mr. Latham underwent another PCAFC reassessment, which determined that the Tier 3 stipend was assigned in error. Appx. 182. In January 2022, Mr. and Mrs. Latham timely submitted a Notice of Disagreement with the Tier 2 stipend designation. S.A. 55.

On August 30, 2023, the VA denied a Tier 3 stipend and affirmed the Tier 2 stipend that had been designated in April 2015. S.A. 82. In October 2023, Mr. and Mrs. Latham submitted an appeal to the Board of Veterans' Appeals challenging the Tier 3 denial. The Board remanded the claim on April 24, 2024, for the VA to re-adjudicate the effective date of the Tier 3 stipend. S.A. 54–56.

On April 29, 2024, five days after the Board's remand decision, Mr. and Mrs. Latham filed a petition for writ of mandamus with the Veterans Court under the All Writs Act, 28 U.S.C. § 1651(a). S.A. 21–40. Mr. and Mrs. Latham sought mandamus to (1) compel the Board to give Mrs. Latham proper notice as the caregiver of Mr. Latham and recognize her as an appellant; (2) compel the Board to respond to their motion for reconsideration of its April 24, 2024, remand decision that Mr. and Mrs. Latham filed on April 29, 2024, the same day they filed a mandamus petition with the Veterans Court; (3) compel the Secretary of Veterans Affairs to meet deadlines and provide status updates until there was a final Board decision; (4) order the Secretary to provide an informal conference; (5) order the Secretary to provide a copy of the February 2024 Board hearing transcript; and (6) order the Board to issue a final decision rather than allow the April 24, 2024 remand. S.A. 39–40. On the same day, Mr. and Mrs. Latham also filed a motion for

expedited proceedings with the Veterans Court. S.A. 41–42.

On May 3, 2024, Mr. and Mrs. Latham submitted a motion under Rule 8 of the Veterans Court Rules of Practice and Procedure seeking to estop Secretarial action from requiring home visits under the PCAFC based on alleged violations of the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. S.A. 43–51. On May 6, 2024, the Veterans Court denied the Rule 8 motion because a mandamus order can only compel action on an appeal and cannot dictate a particular outcome. S.A. 15–16.

On May 10, 2024, the Veterans Court issued an order denying the petition for a writ of mandamus. S.A. 1–6. The Veterans Court found that (1) Mrs. Latham had actual notice of the Board's April 24, 2024 remand because it was included in their petition; (2) there had not been any delay shown in the Board's processing of a motion for reconsideration, and it was a frivolous claim given that it was filed the same day as the petition for a writ; (3) the request for status updates was premature because there had not yet been delay; (4) the VA had not been given a chance to respond to the request for an informal conference so any delay was speculative; (5) the hearing transcript had been sent; and (6) a writ of mandamus was not the appropriate vehicle to review the merits of a Board remand order. S.A. 2–4. Additionally, the Veterans Court denied the Lathams' motion to expedite as moot because an order responding to the merits of the petition for writ was being issued, and there was no further action pending that needed to be expedited. S.A. 5.

This appeal followed.

## II

We have limited jurisdiction over appeals from the Veterans Court. We "decide all relevant questions of law,

including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). But we cannot review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a case, except to the extent that an appeal presents a constitutional issue. *Id.* § 7292(d)(2); *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).

### III

In denying Mr. and Mrs. Latham's petition for extraordinary relief and related motions, the Veterans Court applied established law to the facts of their case without elaborating on the meaning of a statute, regulation, or rule of law. *See* 38 U.S.C. § 7292(a); *Forshey v. Principi*, 284 F.3d 1335, 1349 (Fed. Cir. 2002) (en banc) ("[A]n interpretation of a statute or regulation occurs when its meaning is elaborated by the court."), *superseded by statute on other grounds*, Veterans Benefits Act of 2002, Pub. L. No. 107-330, § 402(a), 116 Stat. 2820, 2832 *as recognized in Harris v. McDonough*, No. 2023-1827, 2024 WL 5231216, at *2 (Fed. Cir. Dec. 27, 2024). The Veterans Court referenced and considered the standard for establishing mandamus, identified the six factors outlined in *Telecommunications Research and Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) to consider when determining whether the agency's delay was so egregious it would warrant mandamus, and considered its rules of practice and procedure where applicable. S.A. 1–2.

For each of the six bases Mr. and Mrs. Latham claimed warrant mandamus, the Veterans Court did nothing more than apply the law or its rules of practice and procedure to the allegations raised by Mr. and Mrs. Latham, which we lack jurisdiction to consider. S.A. 2–5; *see also* 38 U.S.C. § 7292(d)(2) ("[T]he Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."); *see also Singleton v. Shinseki*, 659 F.3d 1332, 1334

(Fed. Cir. 2011) ("This court may not review the Veterans Court's factual findings or its application of law to facts absent a constitutional issue."). To the extent Mr. and Mrs. Latham attempt to reframe these issues as raising a constitutional challenge, namely, by claiming the home visits violate their constitutional rights under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments, we have repeatedly noted that an appellant cannot so evade our jurisdictional limitations. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[An appellant's] characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

## IV

We have considered Mr. and Mrs. Latham's remaining arguments and conclude that they likewise fail to raise any issue within our limited jurisdiction. Because we lack jurisdiction to review Mr. and Mrs. Latham's appeal, we dismiss.[3]

**DISMISSED**

COSTS

No costs.

---

[3] Mr. and Mrs. Latham recently filed a motion for reconsideration of our order denying stay pending appeal, or in the alternative, en banc reconsideration and a new motion for stay or injunction for interlocutory relief pending appeal. ECF Nos. 39, 42. As we have decided the appeal, Mr. and Mrs. Latham's motions are moot.