NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHRISTINA D. THUNDATHIL,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1396

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 24-8039, Judge William S. Greenberg.

---

Decided: December 30, 2025

---

CHRISTINA D. THUNDATHIL, Winter Haven, FL, pro se.

BLAKE WILLIAM COWMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY, BRETT SHUMATE; EVAN SCOTT GRANT, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before MOORE, *Chief Judge*, TARANTO and HUGHES, *Circuit Judges*.

PER CURIAM.

Christina Thundathil appeals a decision from the Court of Appeals for Veterans Claims (Veterans Court) dismissing her appeal as untimely. S. Appx. 1.[1] Because we lack jurisdiction over Ms. Thundathil's arguments on appeal, we *dismiss*.

BACKGROUND

Ms. Thundathil is a former Army servicemember who sought service connection for post-traumatic stress disorder (PTSD). S. Appx. 9–10. In an August 2019 rating decision, the Veterans Affairs (VA) Regional Office (RO) granted her service connection with an effective date of June 18, 2012. *Id.* In July 2020, she appealed that decision to the Board of Veterans Appeals (Board), seeking an earlier effective date. S. Appx. 10. She withdrew her appeal shortly thereafter, and in September 2022, the Board dismissed her case. S. Appx. 2; S. Appx. 9–11. In its dismissal, the Board notified her that any further appeal to the Veterans Court must be filed within 120 days. S. Appx. 2; S. Appx. 9–12. More than two years later, Ms. Thundathil filed a VA Form 9 (Board appeal form) at the relevant RO and requested review of her PTSD and chronic obstructive pulmonary disease (COPD) claims. S. Appx. 2. The RO could not process her form, however, because there was no Statement of the Case associated with her claims. *Id.*

Ms. Thundathil then filed a notice of appeal to the Veterans Court identifying a "July sometime" Board decision.

---

[1] "S. Appx." refers to the supplemental appendix attached to Respondent's brief.

*Id.* The Secretary moved to dismiss the appeal. *Id.* In response, Ms. Thundathil argued she was entitled to equitable tolling because she was suicidal and was misled and harassed by the VA and local law enforcement, which worked together to deny her benefits. S. Appx. 3. The Veterans Court dismissed her appeal without reaching the merits of her equitable tolling arguments, explaining the VA Form 9 (Board appeal form) is not the correct form to initiate RO review and that she should instead file a VA Form 20-0995 (RO supplemental claim request) if she desires RO review. *Id.* The Veterans Court also informed Ms. Thundathil that, if she sought to appeal the September 2022 Board decision dismissing her withdrawn PTSD claim, she had leave to file a motion for reconsideration presenting equitable tolling arguments within twenty-one days. S. Appx. 3–4. After Ms. Thundathil failed to file a motion for reconsideration, the Veterans Court dismissed her case. S. Appx. 1. Ms. Thundathil appeals.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We "have exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof [by the Veterans Court] . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). Absent a constitutional challenge, we may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). A litigant seeking equitable tolling must establish (1) diligent pursuit of his rights; and (2) an extraordinary circumstance that prevented him from meeting the filing deadline. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affs.,* 498 U.S. 89, 96 (1990)).

Ms. Thundathil argues the Veterans Court erred by not determining that equitable tolling applied. Appellant's Br. 14–15. Specifically, she argues her untimely filing was entitled to equitable tolling because (1) the Board misled her by giving her the wrong forms, and (2) the Board and local law enforcement were responsible for her suicide attempt. *Id.* at 15. Ms. Thundathil identifies no legal error in the Veterans Court's decision that would give us jurisdiction over this issue, and she rejected the Veterans Court's invitation to explain whether she believed she was entitled to equitable tolling. *See* S. Appx. 7. We are a court of limited jurisdiction. 38 U.S.C. § 7292(d). We cannot review application of law to fact, and we cannot make fact findings related to equitable tolling in the first instance. *Id.* The proper course would have been for Ms. Thundathil, as the Veterans Court instructed, to file a motion for reconsideration with that court. Because the Veterans Court did not adjudicate Ms. Thundathil's equitable tolling claim, we have no jurisdiction to reach this issue.

Ms. Thundathil also raises several due process and equal protection arguments, which we lack jurisdiction to review. *See, e.g.*, Appellant's Br. 9, 12, 21, 26–35. While Ms. Thundathil alleges constitutional claims, she fails to explain how her allegations give rise to a plausible violation of her constitutionally protected rights. Ms. Thundathil cannot reasonably assert she was deprived of notice and an opportunity to be heard where the Veteran's Court invited her to clarify the issues she was appealing and she declined to do so. *See id.* at 5–6; S. Appx. 3–4. While we read pro se filings liberally, bare invocations of the Constitution are insufficient to grant us jurisdiction. *Hefler v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (holding that a veteran's "characterization of [ ] question[s] as constitutional in nature does not confer upon us jurisdiction that we otherwise lack").

## CONCLUSION

We have considered Ms. Thundathil's remaining arguments and find them unpersuasive.  Because Ms. Thundathil has not raised arguments within the scope of our limited jurisdiction, we *dismiss*.

## DISMISSED

## COSTS

No costs.